PACKER *et al. v.* HEATON *et al.*

Where the regulations of a mining locality require that every claim shall be worked two days in every ten : *Held*, that the efforts of the owners of a claim to procure machinery for working the claim, are, by fair intendment, to be considered as work done on the claim.

So, also, is working on adjoining land in constructing a drain to enable the owners to work the claim.

In an action by a company of miners to recover possession of a mining-claim, and damages for its detention, a person who was a member of the company at the time of the alleged detention, and who, prior to the commencement of the suit, in consideration of unpaid assessments, sold his interest to his copartners in the claim, without warranty, is not a competent witness, as he is interested in the damages sought to be recovered.

The mistake of counsel as to the competency of a witness, is no ground for granting a new trial.

APPEAL from the District Court of the Fourteenth Judicial District, County of Sierra.

Packer *v.* Heaton.

A statement of the facts appears in the opinion of the Court.

*Dunn, Smith & Galloway,* for Appellants.

*McConnell & Niles* for Respondents.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was an action to recover the possession of a mining-claim, and damages for the detention thereof. The defendants had judgment in the Court below, and the plaintiffs appealed.

The main question in this case has relation to what constitutes a forfeiture, or abandonment, of a claim, under the regulations of that particular locality. It appears that in October, 1854, certain rules and regulations were adopted at a meeting of the miners at that point, the fifth of which is as follows:

"All claimants or companies shall work, or cause to be worked, his or their claims at least two days in every ten, from the first day of May to the first day of November."

It appears that the ground in dispute was located by defendants in August, 1854, and a large amount of work done during that year, in the sinking of shafts, to reach the deposits below. But from the great depth of the diggings, and the inflow of water into the shafts, it was found impossible to work the mine successfully without the aid of machinery propelled by steam. The last work upon the premises, by defendants, was done about the fourth of July, 1855. On the thirteenth of August, 1855, the plaintiffs located the claim. But between the fourth of July and the twentieth of August, when the defendants recommenced work upon the ground in dispute, they were engaged in efforts to procure the machinery necessary to prosecute their labors. At the request of the plaintiffs, the Court instructed the jury, that, though the defendants were first to locate the claim, yet, if they subsequently abandoned it, and the same was located by the plaintiffs while it was so abandoned, and the plaintiffs had complied with all the rules, regulations, and customs of the locality, up to the time of bringing the suit, then the plaintiffs were entitled to recover. The Court refused to instruct the jury, at the request of plaintiffs, that the unsuccessful efforts of defendants to procure machinery could not avail them as an excuse for not working upon the claim, as required by the rules; but, at the request of defendants' counsel, instructed them, that if the defendants were the prior possessors of the claim, and, at the time the plaintiffs located the same, were engaged in efforts to procure the necessary machinery, and did procure the same within a reasonable time, then the defendants were entitled to hold the claim against the plaintiffs.

The question as to the validity of this mining rule does not

necessarily arise in this case, and we therefore express no opinion in relation to it. The instruction given by the Court, at the request of the defendants, though not within the strict letter of the rule, is yet within its true spirit and intent. The efforts to procure the machinery, with the *bona fide* intent to work the claim, may be justly considered as work done upon the claim, by relation and intendment. It seems that the plaintiffs were placed, substantially, in the same position with respect to this point. They had done no work within the actual limits of the claim, but had worked upon adjoining ground, in constructing a drain. The Court very properly instructed the jury that this work was done upon the claim, within the true meaning of the rule. The rule did not require either party to do a vain and idle thing. The owners of claims are not required to waste their labor in doing that which can lead to no practical result. It seems that one company expended their labor in procuring machinery, while the other was engaged in constructing a drain; that the work, in both cases, was not done upon the claim, strictly speaking; but that the end intended to be accomplished was the same, and the reasonable result the same in both cases. Both parties intended to drain the claim; and the only difference was, they used different means to attain the same end.

The Court, at the request of the defendants, instructed the jury, that if the defendants were in the possession of the mining-ground in dispute, prior to the location of plaintiffs, and had not disposed of or abandoned the same, then they must find for the defendants.

The counsel for the plaintiffs insist that this instruction was erroneous, as it excluded the idea that the defendants could have forfeited their right to the claim.

It is unnecessary to inquire and decide whether the owner of a mining-claim can forfeit the same by a failure to work upon it within ten days, as required by the rule. There was no error in giving this instruction under the circumstances. The plaintiffs, in the first and second instructions asked by them, said nothing as to a forfeiture of defendants' right, but confined their instructions to the case of abandonment. It is true, that in the fifth, sixth, and seventh, they referred to the specific facts, as not constituting an excuse for the failure to work within the time limited. These latter instructions were properly refused, and the plaintiffs had not relied upon any other acts alleged to constitute a forfeiture. The result was, that the plaintiffs rested the case upon the ground of abandonment, and also upon certain facts not constituting a forfeiture. There was nothing in the facts proven tending to show a forfeiture. The giving of this instruction could do the plaintiffs no harm. The objection to the seventh instruction, given at the request of defendants, was not well taken, as the instruction was in substance the same as the

one just noticed.   The ninth and twelfth instructions offered by defendants were not given by the Court, as appears from the record.   The letter of Kibbe is not contained in the record, and we can not judge whether its admission was error or not.   The mere fact that the letter was admitted, does not show error.

We think the testimony of Ballinger was properly excluded. He was a member of the plaintiffs' company during a part of the time transpiring between the date of their location, on the thirteenth of August, 1855, and the commencement of this suit, June 10, 1857.   His bill of sale to the other members of the company, left him interested in the damages sought to be recovered.

The Court properly overruled the motion for a new trial.   The verdict was not contrary to the testimony.   There was no surprise on the part of plaintiffs that fair diligence could not have avoided.   The mistake of counsel, as to the competency of Ballinger, was no cause for granting the motion.   The objection to his competency could have been readily removed.

Upon the whole, we think that substantial justice was done, and the judgment of the Court below must be affirmed.