ALLEN H. ARNOLD, Respondent, v. THE HARTFORD
FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, November 20, 1893.

1. **Insurance:** PROOFS OF LOSS: WAIVER: EVIDENCE: INSTRUCTIONS.
Though proofs of loss are not as full and complete as required by the
conditions of the policy, yet if they are timely received and objections
are withheld until after time of making proofs and after negotiations
for compromise, such objections are waived, and the proofs are
admissible in evidence. An instruction on the point set out in the
opinion is approved.

2. ———: EVIDENCE: DECLARATIONS OF AGENT: RES GESTÆ: HARMLESS
ERROR.. The declarations of an agent who issued the policy and gave
notice of the loss made *dum fervet opus* in the course of his employ-
ment, are admissible in evidence; and in this case, if improperly
admitted, were merely cumulative and harmless.

3. ———: WAIVER, JURY QUESTION. Waiver of proofs of loss is a jury
question, and the appellate court is concluded by its finding, if there
is any evidence to sustain it.

4. **Instruction:** ABSTRACTIONS: COVERING CASE. Instructions which
are mere abstractions, and do not cover the whole case, are properly
refused.

*Appeal from the Boone Circuit Court.*—HON. JOHN A.
HOCKADAY, Judge.

AFFIRMED.

*Fyke & Hamilton* for appellant.

(1) The court erred in admitting in evidence sec-
ond proofs of loss, dated July 27. The verified plans
and specifications called for in the letter of July 20,
are not furnished with this proof of loss. No such

description of the building is given as would enable
defendant to let a contract for repairing or replacing
the same; and to comply with the requirements of the
policy, such plans and specifications should be furn-
ished as would enable defendant to let a contract for
replacing the building. (2) The court erred in admit-
ting in evidence statements made by Early, the agent
who issued the policy, after the fire. It was not shown
that Early had any authority whatever to speak or act
for defendant in the adjustment of the loss. Until his
authority was shown, his statements were incompetent.
*Williams v. Edwards*, 94 Mo. 447-451; *Knudson v. Ins.
Co.*, 43 N. W. Rep. 954. (3) The declaration of law
given on the part of plaintiff is erroneous. There was
no evidence that Early had authority to do or say any-
thing to waive proofs of loss; on the contrary, the evi-
dence clearly shows that he had no such authority.
This instruction is inconsistent with instructions 1
and 2 given on the part of defendant. (4) Defend-
ant's third declaration of law should have been given;
whether or not the statement contained in second
proofs of loss could be considered verified plans and
and specifications is a question of law, not a question
of fact. The court, upon examination thereof, can say
whether it constitutes plans and specifications. No
attempt was made to prove compliance with the
requirements of policy as to furnishing plans. The
term plans and specifications have a well understood
meaning. Plan: "The delineation or design of a city,
a house or houses, a garden, a vessel, etc., traced on
paper or other substance representing the position and
the relative proportions of the different parts." 2 Bou-
vier [14 Ed.], p. 333. Specification: "A particular
and detailed account of a thing." 2 Bouvier [14 Ed.],
p. 539. "A written statement containing a minute
description or enumeration of particulars." Webster.

*W. Gordon* and *C. B. Sebastian* for respondent.

(1) The trial court did not err in admitting in evidence the declarations of S. W. Early, the agent who issued the policy, who gave the notice of loss, and who was the only representative of the company plaintiff could see or hear from. The presumption is that he was acting in the scope of his authority, and the declarations were admissible. *Park v. Ins. Co.*, 26 Mo. App. 511; *Hamilton v. Ins. Co.*, 94 Mo. 353; *Anthony v. Ins. Co.*, 48 Mo. App. 65; *Barnard v. Ins. Co.*, 38 Mo. 106. (2) It would not constitute a reversible error. There are three separate grounds of waiver, each of which is fully sustained by the evidence. It was merely cumulative. *Young v. Hudson*, 99 Mo. 102. The accepting and holding the proof of loss without objection, constitutes a waiver. *Loeb v. Ins. Co.*, *supra.* The declarations of S. W. Early, defendant's agent, who issued the policy; the keeping of the proof of loss without objection, and endeavoring to secure a compromise and authorize Scott to make it, constituted a waiver. *Stavinow v. Ins. Co.*, 43 Mo. App. 513; *Cromwell v. Ins. Co.*, 47 Mo. App. 109. (3) There was no error in plaintiff's declaration; it correctly declared the law of waiver, and is not in conflict with the law given for defendant. (4) As to whether there was a waiver or not, was a question of fact to be determined by the court, sitting as a jury. *Loeb v. Ins. Co.*, 99 Mo. 50; *Gale v. Ins. Co.*, 33 Mo. App. 664; *Okey v. Ins. Co.*, 29 Mo. App. 105. It is manifest that the court, sitting as a jury, found that there was a waiver. There was substantial evidence to sustain the finding on all three grounds. This court will not set aside a finding of the trial judge when there is substantial evidence to sustain it. *Nelson v. Nelson*, 41 Mo. App. 130; *Ewing v. Phillips*, 35 Mo. App. 144.

(5) There is no merit in the appeal. The entire record shows that the judgment was manifestly for the right party, and it should not be disturbed even if error did intervene. *Brooking v. Shinn*, 25 Mo. App. 277; *Clark v. Waldron*, 39 Mo. App. 21.

SMITH, P. J.—This is an action on an insurance policy to recover damages by fire to building insured. The plaintiff owned a double brick building, the north part of which was covered by the policy sued on, and the south part by a policy in another company.

The policy provides that "if fire occurs the assured shall, within sixty days, render a statement to the company under oath, stating, among other things, all other insurance, whether valid or not, covering any of said property, and a copy of all the descriptions and schedules in all policies, * * * and shall furnish, if required, verified plans and specifications of any building destroyed or damaged." It also provides that no suit for the recovery of any claim shall be sustainable in any court until after full compliance by the insured with all the foregoing requirements. The policy also provides: "It shall be optional, however, with this company to * * * repair, build or replace the property lost or damaged with other of like kind and quality within a reasonable time on giving notice, within thirty days after the receipt of the proof herein required, of its intention so to do."

A fire occured on June 3, 1892, which burned both buildings, including the party wall. On July 11, 1892, plaintiff caused proof of loss to be forwarded to defendant, which was received by defendant July 18, and on July 20 the proofs of loss were returned to plaintiff, and the following specific objections made thereto: "The proofs treat the damage to two buildings combined, each of which appears to be separately insured

in different companies, while the loss and damage to either is entirely irrelevant to the other company not covering the same, and on the building insured the loss must be specifically and separately stated. This company waiving none of its rights under the contract of insurance, demands full compliance with the conditions of the policy, which are clearly defined in lines from sixty-seven to eighty in its contract held by Mr. Arnold, and, on receipt of his sworn statement indicating his "knowledge and belief as to the time and origin of the fire, * * * together with verified plans and specifications of the construction of the building insured, his case will receive our prompt attention."

On July 27, 1892, plaintiff, in response to the above objections, made out and forwarded a second proof of loss, in which was set forth, *first,* an accurate description of the property covered by the policy sued on; *second,* the destruction of the building by fire and the cause of the fire as nearly as the assured was able to state; *third,* his interest in the property; *fourth,* the cash value of the building before the fire; *fifth,* by whom and for what purpose it was occupied and used at the time of the fire, and, *sixth,* that its walls were thirteen inches thick and about twenty-two feet high, in a 22x44-foot building. "Joists were 2x12 in lower ceiling and floors, and 2x10 in upper ceiling, all oak, two coats of plastering on the whole inside, except lower ceiling, which is ceiled with best ceiling; all walls and lower ceiling were papered; partition walls upstairs across the room, making two apartments. This partition wall without studding and papered on each side, with a partition door. The stairway which led from the upper to the lower corner of the building was removed from its original place, on the inside of said building, to the rear end of the same, and was a

plain stairway made of hard pine. The floor was of the best yellow pine. The sheeting was the same as the ceiling; the roof, of Worcester tin, with two coats of mineral paint. There were three doors below and three above. There were six windows in the building, two below and four above; two good counters, and the lower room was wainscoted for four feet above the floor, all painted, oiled and varnished." It was also stated that the loss of the building was complete, except some salvage on brick.

This proof, it was admitted, was timely received by defendant. It does not appear that the defendant made any further objection to the proof of loss, though the defendant's adjuster testified that he mailed objections thereto to plaintiff, which plaintiff testified was never received by him or anyone for him. At the trial this proof was admitted in evidence over the objection of defendant.

After the second proof of loss was forwarded by Mr. Quinn, who made out and forwarded the same for plaintiff, he had a conversation with W. S. Early, the agent from whom plaintiff procured the policy in defendant company, and who was still the local agent of defendant at Centralia, in which conversation it was stated by Early that there would be no trouble about the insurance, but he said there was some little irregularity in the policy, but he said the principal was from the home company. They claimed, I believe, that the policy did not cover the annex, or that it did not cover the new part, and, if they could discount *pro rata* on that, it would settle it. He said with the Hartford company there is no trouble whatever, she would pay up all right. This statement of Mr. Early was communicated to the plaintiff.

The judgment was for plaintiff, and defendant appealed.

I. It is objected that the trial court erred in admitting in evidence the second proof of loss because no such description of the building was given as would enable defendant to let a contract for repairing or replacing the same, and that this requirement of the policy was that plans and specifications should be furnished defendant. Doubtless the object of this provision of the policy was.to afford the defendant such information in respect to the building destroyed as would enable it to protect itself against fraud and to intelligently exercise its option to either, pay the amount of the risk or replace the building. It may be well doubted whether the information imparted by the proof of loss is sufficiently comprehensive and specific for that purpose. It may have been for a building of that kind; but, however this may be, the defendant, having received and retained the proof of loss without objection, and endeavoring to obtain a compromise until the expiration of the sixty days after the fire in which plaintiff had a right under the policy to amend his proof so as to meet any objection suggested thereto by defendant, must be held to have accepted the detailed description as set forth in the proof as sufficiently meeting the requirement of the policy in respect to plans and specifications of the building. Whatever the defect of the proof may have been, the defendant, under the circumstances, must be held to have waived its objection thereto. If the defendant was not satisfied with the proof of loss made, common fairness required that it should have timely made the fact known to the plaintiff, *Loeb v. Ins. Co.*, 99 Mo. 50; *Stavinow v. Ins. Co.*, 43 Mo. App. 513; *Cromwell v. Ins. Co.*, 47 Mo. App. 109.

II. The defendant further complains of the action of the trial court in admitting in evidence the declaration of Early, the agent who issued the policy and

gave notice of the loss. The authority of an agent may be inferred from the nature of his employment. The declarations in question were made *dum fervet opus*, in the course of his employment. They were part of the *res gestæ*. *Harrison v. Railroad*, 50 Mo. App. 332; *Edwards v. Thomas*, 66 Mo. 468; *Midland Lumber Co. v. Kreeger*, 52 Mo. App. 419. At most they only tended to establish the waiver of proof of loss, and since there was other independent evidence quite sufficient to warrant the submission of the question of waiver, they were only cumulative, and if improperly admitted, they did no harm.

III. As to whether there was a waiver or not, was a question of fact to be determined by the court sitting as a jury. *Loeb v. Ins. Co.*, *supra*; *Gale v. Ins. Co.*, 33 Mo. App. 664; *O'Key v. Ins. Co.*, 29 Mo. App. 105. And since there was substantial evidence adduced to sustain the finding of the trial court, it is conclusive on us. *Swayze v. Bride*, 34 Mo. App. 414; *Smith v. Zimmerman*, 51 Mo. App. 519.

IV. The trial court, we think, committed no error in declaring the law as requested by plaintiff, to the effect that, if the proofs of loss were not as full and complete as required by the conditions of the policy, yet, if the defendant received the proofs within sixty days after the date of the fire and kept the same without notifying the plaintiff of any objection thereto, but he was informed by the agent of defendant who issued the policy, prior to the expiration of the sixty days after the fire occurred, that the plaintiff's claim was all right and would be paid, then defendant waived further proof of loss. There was evidence upon which to base the theory of this instruction, and there is no objection perceived to its correctness as a legal proposition.

V. It follows as an inevitable sequence that the court did not err in refusing to declare the law to be that the statement of the size, dimensions and materials of the building contained in the proof of loss did not constitute the verified plans and specifications required by the policy. It was a mere abstraction. It did not cover the whole case. It left out of consideration the evidence of the waiver of the requirements in the policy to which it refers. The other declarations for the defendant covered very fully the grounds upon which defendant rested its defense under the pleadings and evidence, so that the refused declaration was in any view superfluous.

The judgment is for the right party and must be affirmed. All concur.