M. B. PROBST, Respondent, v. AMERICAN CENTRAL
INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, January 6, 1896.

1. **Insurance:** PROOFS OF LOSS: WAIVER. Where proofs of loss are received so long prior to the expiration of the time for furnishing them that there is ample time for their return for needed corrections and additions but are held in silence until the time has expired for their making, all objections thereto are deemed to have been waived.

2. ———: APPRAISAL: REQUEST. Where the policy provides for an appraisal on the request of either party made in writing, there must be the request in writing as a condition precedent to appraisal; and without such request arbitration is not necessary before suit. An attempted arbitration without written request is a common law arbitration subject to revocation, and the bringing of the suit is revocation.

3. **Insurance:** EVIDENCE: TAX LISTS: HARMLESS ERROR. Where the policy sued on largely exceeds in amount the tax lists returned to the assessor on the same property, it is proper to ask the insured on cross-examination whether the lists are true or false. In this case the refusal of the court to permit the question is *held* harmless error by reason of other testimony in the case.

*Appeal from the Saline Circuit Court.*—HON. RICHARD
FIELD, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

(1) No proofs of loss were made as required by the policy. This was a condition precedent to plaintiff's right to recover. *Hanna v. Ins. Co.*, 36 Mo. App. 538. (2) The evidence showed that an appraisal had been demanded, appraisers had been appointed, and no award had been made; and failed to show that defendant

or its appraiser were in any manner responsible for the failure to agree upon an umpire or upon the amount of the loss.    Under these facts plaintiff was not entitled to recover.    *Davenport v. Ins. Co.*, 10 Daly, 535; *Adams v. Ins. Co.*, 16 Pac. Rep. 627; *Lantalm v. Ins. Co.*, 22 N. B. 14.   (3) The court erred in refusing to permit defendant to ask plaintiff whether or not his sworn statements, that his goods were worth only $800, were true or false.    The question of value was an issue in the case; plaintiff testified upon that subject.

*R. B. Caples, Davis & Duggins* and *Draffen & Williams* for respondent.

The policy provides that an appraisement should be had upon the written demand of either party; no such demand was made.    "The company must prove a written demand in order to set up the condition.   A verbal request is not sufficient.    If written request is not made, the condition for arbitration is waived.   And although the parties do actually attempt to arbitrate without written request it is a common law arbitration subject to revocation and the bringing of suit is such revocation."   2   May   on Insurance [3 Ed.], 493. *Wallace v. Ins. Co.*, 1 McCrary, 335.   (2) However, proofs were furnished on the twenty-eighth of February and were received and retained by its officers with full knowledge of the contents thereof until after the time had expired under the policy, for presenting such proofs.    *Haggard v. Insurance Co.*, 53 Mo. App. 98; *Arnold v. Insurance Co.*, 55 Mo. App. 149; *Simms v. Insurance Co.*, 47 Mo. 54.   (3) No error was committed by the court in its ruling as to the assessment lists.    The plaintiff stated what the value of his goods was, and further admitted that he made the returns which were themselves offered   in   evidence, and explained why he did so.

GILL, J.—This is a suit on a policy of insurance covering a stock of general merchandise owned and held by the plaintiff at Glasgow, Missouri. The petition is in the usual form, alleging execution of the policy September 6, 1893, to run for one year; that the goods were destroyed by fire February 4, 1894, etc., and asks judgment for $1,000, the amount named in the policy, together with interest and ten per cent damages for defendant's vexatious refusal to pay. In addition to a general denial of all matters alleged, except defendant's incorporation and issue of the policy, the answer sets up four separate defenses, based on various requirements of the policy: *First*, the failure to have the property appraised; *second*, that plaintiff had falsely sworn in the proofs of loss, and in a deposition, as to the real value of the goods destroyed; *third*, that plaintiff, though present at the fire, made no effort to save or protect the property; and, *fourth*, that said assured failed and refused to furnish proper invoices of the goods insured and destroyed. The reply put in issue these several defenses. There was a trial by jury resulting in a verdict and judgment for plaintiff, and defendant appealed.

I. The first error assigned is the action of the trial court in overruling defendant's demurrer to the evidence. To sustain this objection defendant's counsel have suggested two reasons, in neither of which is there any merit. First, it is said that no proofs of loss were made, and that as this was a condition precedent to plaintiff's right to recover, the action must fail. It may be well doubted whether defendant is entitled, under its answer, to invoke this defense, since such delinquency on plaintiff's part was not pleaded therein. But, waiving this, there is nothing in the point. The evidence does show that proofs of loss were made, and that, too, within the period fixed by the policy.

It is true that sometime after defendant had received the proofs at its office in St. Louis, some formal objections were made and they were returned to the plaintiff. But the defendant delayed too long in making these objections to these mere formal parts of the proofs. Those papers were received and inspected at the defendant's general office, long before the expiration of the time for furnishing proofs—so long that there was ample time left for a return to plaintiff and to have permitted corrections and additions, if any were needed. But defendant kept silent as to the sufficiency of these proofs until the time therefor had expired. Under these circumstances, then, even if such proofs were, in some respects, deficient, defendant must be held to have waived its objections thereto. *Arnold v. Ins. Co.*, 55 Mo. App. 149, and cases cited.

In the second place, it is claimed the plaintiff ought to have been nonsuited, because, it is said, there was no appraisal shown and attached to the proofs. In answer to this, it is sufficient to say, that defendant failed to prove that it ever *demanded* an appraisement, as the policy required. According to the terms of the policy, appraisement of the property destroyed is to be had only when either party shall make a *written* request therefor; and, as already stated, there was here no such request. "When the policy provides for arbitration upon the *written request* of either party, a request in writing is a condition precedent to appraisal and award, and if there is no such request, arbitration is not necessary before suit. * * * The company must prove a *written* demand in order to set up the condition. A verbal request is not sufficient. If written request is not made, the condition for arbitration is waived. And although the parties do actually attempt to arbitrate without written request it is a common law arbitration

subject to revocation, and the bringing of suit is such revocation." 2 May on Insurance [3 Ed.], 493.

II.   As tending to depreciate the value of plaintiff's stock of goods, defendant introduced in evidence the returns or lists which plaintiff, at different times, had made to the tax assessor.   The goods were given in at a valuation of $800, whereas plaintiff claimed from the several insurance companies in which he held policies to a total amount of more than $9,000.   Plaintiff, while on the stand, was interrogated about the discrepancy, and among other questions the defendant's counsel asked him, whether these lists "were true or false."   The court sustained an objection to this question, and of this defendant now complains.   There was no impropriety in the question and the court should have required the witness to answer.   But no harm came from the ruling.   The witness, in the subsequent portions of his examination, in effect admitted that the statements made to the assessor were false, and sought to excuse himself by stating that he was simply trying to bring his assessment down to a like proportion of the true value as was given in by other merchants.

We find no error in the record and the judgment will be affirmed.   All concur.