## W. S. STEVENS, APPELLANT, *v.* THE NORTH-WEST-ERN STAGE CO., RESPONDENT.

MOTION FOR NEW TRIAL—PRACTICE.—Three steps are necessary in moving for a new trial: 1. Giving notice of intention to make the motion. 2. Filing the statement or affidavits upon which the motion is to be made. 3. The application or motion.

IDEM—WAIVER.—A failure to give notice of intention to move for a new trial or to file the statement within the time required by law, or such further time as the court or judge may, by order, grant, is a waiver of the right to move for a new trial; and the failure can only be remedied by the appearance of the opposite party without objection to such defects, at the settlement of the statement, or on the hearing of the motion.

IDEM.—In case the parties can not agree upon the statement, notice must be given for a settlement before the court or judge, by the party proposing the statement, but it must affirmatively appear that no notice was given, or this court will presume that it was given.

ORDER STAYING EXECUTION—EXTENDING TIME.—An order "that there be a stay of execution on the judgment in this case for a period of twenty days for the purpose of allowing the defendants to move for a new trial" is not an order extending the time for giving notice of intention to move for a new trial, or for filing a statement.

CONSTRUCTION—PRESUMPTIONS.—This court can not place a construction upon an order of the court below not warranted by its language, or indulge in presumptions or surmises not warranted by the fair import of the words used.

NEW TRIAL—STATEMENT—PRACTICE.—The statement on a motion for a new trial must be settled, before a decision on the motion, in order that the court below or judge thereof may have something definite and certain to act upon. The practice of deciding the motion and afterwards settling the statement, condemned.

APPEAL from the district court of the second judicial district, Ada county.

*Prickett & Hasbrouck and J. Brumback,* for the appellant.

*Huston & Gray,* for the respondent.

WHITSON, J., delivered the opinion; HOLLISTER, J., concurring therein.

This is an appeal from an order of the district court of Ada county, granting a new trial. The only errors complained of, which we deem it necessary to consider, are, substantially: 1. That no notice of an intention to move for a new trial was given within five days after the rendition of the verdict. 2. That no statement was filed within the five days after such notice of intention should have been given, and the time for filing the statement was not extended by court or judge. 3. That no notice had been given to settle the statement, and that the same had not been settled when the motion for a new trial was decided.

The respondents rely upon the following order of the court below, as extending the time for giving the notice of intention to move for a new trial and the filing of a statement: "Ordered, that there be a stay of execution on the judgment in this cause, for a period of twenty days from this date, for the purpose of allowing the defendants to move for a new trial." The court below gave the construction to the order claimed by the respondents. This, we think, was clearly error.

Three steps are necessary in procuring new trials:

1. Giving notice of intention to move for a new trial. This must be done within five days, unless the time be extended under section 485 of the civil practice act.

2. Filing statement or affidavits to be read on the hearing. This must be done within five days after giving the notice of intention, or within such further time, not exceeding twenty days, as the court or judge may by order grant. (*Harper* v. *Minor,* 27 Cal. 108.)

3. The application or motion for the new trial, which must be at the earliest practicable period after filing the affidavit or statement.

The order under which it is claimed that the time for

serving notice of intention to move for a new trial is extended for twenty days, only extends the time for the purpose of allowing defendants to move for a new trial. It does not extend the time for serving notice of intention to move for a new trial. It only extends the time for taking the last step, and not the first. It may have been the intention of the court below to extend the time for serving notice of intention to move for a new trial, but this court can not place a construction upon an order of the court below not warranted by the language itself. We can not indulge in presumptions and surmises not warranted by the fair import of the words used. The notice of intention to move for a new trial not having been given within the five days, and this order failing to extend the time for that purpose, the right of the defendants to move for a new trial was waived, unless the plaintiff, by appearing and resisting the application for a new trial, waived his right to notice, which we find he did not do, for he reserved the right to object to the regularity of the proceedings and appeared for that purpose only, as appears from the record. (*Cuttle* v. *Leitch*, 43 Cal. 321.)

The second question presented, the filing of the statement, is so intimately connected with the first, that it is only necessary to say that a failure to proceed properly in the first instance would render every subsequent act of no effect, unless the defect was waived by some act of the plaintiff, which, as we have before remarked, has not been done.

As to the third question, the rule seems well established, that while under the statute notice must be given for the settlement of a statement before the judge, by the party proposing the statement, if the parties can not agree, the presumption will be in favor of the notice having been given, in the absence of any evidence to the contrary. In this case, however, it appears affirmatively that no notice for the settlement of the statement was given, and therefore the presumption that there was notice is overcome, as appears from the record. (*Battersby* v. *Abbott*, 9 Cal. 568.)

Again, it appears that the statement was not settled un-

til after the decision of the court upon the motion, for the order of the court granting a new trial and the plaintiff's exceptions thereto are incorporated into and form a part of the statement itself. This practice can not be too strongly condemned. The whole theory of the use of a statement is that the court may have something definite and certain upon which to act. Any other practice would lead to great confusion and give rise to controversies as to what state of facts the court had acted upon after the very questions in issue had been decided.

A case should first be made up certain and complete, and then the court or judge can decide it intelligently. (*Waggenheim* v. *Hook*, 35 Cal. 216.)

The order of the court below granting a new trial must be reversed.