(February 7, 1887.)

## TAGE, ADMINISTRATOR, v. ALBERTS.
### [13 Pac. 19.]

PRACTICE—FINDINGS OF COURT.—If in an action of fraud the findings of the court are sufficient to sustain the judgment, the fact that the court fails to find upon certain allegations in the complaint which, if found true or not true, would not affect the result, is no cause for a new trial.

SAME.—In such actions findings showing the situation of the parties and the circumstances under which the alleged fraud was committed are responsive to the issues, and not objectionable as being outside thereof.

APPEAL from District Court, Ada County.

Brumback & Lamb, for Appellant.

A judgment based upon findings which do not determine all the issues is a decision against law. (*Knight v. Roche,* 56 Cal. 17; *Brady v. Bartlett,* 56 Cal. 364; *Billings v. Everett,* 52 Cal. 661.) Where specific facts are put in issue, it is the duty of the court to find the facts specifically. (*Hihn v. Peck,* 30 Cal. 286; *Pratalongo v. Larco,* 47 Cal. 382; *Breeze v. Doyle,* 19 Cal. 104; *Hidden v. Jordan,* 28 Cal. 301; *Jones v. Block,* 30 Cal. 228; *Polhemus v. Carpenter,* 42 Cal. 386.) The specific facts constituting a fraud must be pleaded. (*Estep v. Armstrong,* 69 Cal. 536, 11 Pac. 132; *Green v. Hayes,* 70 Cal. 276, 11 Pac. 716; *United States v. Atherton,* 102 U. S. 372; *Misner v. Knapp,* 13 Or. 135, 57 Am. Rep. 6, 9 Pac. 65.) The cause of

action established by the findings must be the cause of action set out in the complaint; otherwise, judgment will be reversed. (*Mondran v. Goux,* 51 Cal. 152; *Green v. Chandler,* 54 Cal. 626.) The findings must cover every material issue raised by pleadings. (*Cummings v. Peters,* 56 Cal. 593; *Everson v. Mayhew,* 57 Cal. 144; *Packard v. Johnson,* 57 Cal. 182, 183; *Robinson v. Railroad Co.,* 57 Cal. 419.)

Huston & Gray, for Respondent.

One who deals in property matters with an aged and feeble person is bound to prove the fairness of the transaction. (Bigelow on Frauds, 282; *Wartemberg v. Spiegel,* 31 Mich. 400; *Ellis v. Mathews,* 19 Tex. 390, 70 Am. Dec. 353.) Equity will set aside a contract for the sale of real estate and a conveyance thereunder when it appears that the capacity for business on the part of the grantor has been greatly weakened by trouble and distress of mind, and the price was grossly inadequate. (Bigelow on Frauds, 283; *Perkins v. Scott,* 23 Iowa, 237.) Where inadequacy of consideration or undue influence is joined to imbecility or weakness of mind, arising from old age, sickness, intemperance, or other cause, equity will set aside the transaction at the suit of the injured party. (Bigelow on Frauds, 283 et seq., and notes; *Tracy v. Sacket,* 1 Ohio St. 54, 59 Am. Dec. 610; *Crawford v. Hoeft,* 58 Mich. 1, 23 N. W. 27, 24 N. W. 645, 25 N. W. 567, and 26 N. W. 870; Cooley on Torts, 515, 516; *Oakey v. Ritchie,* 69 Iowa, 69, 28 N. W. 448; *In re Disbrow's Estate,* 58 Mich. 96, 24 N. W. 624, and note.) Evidence that parties lived together in adulterous intercourse is pertinent as one of several facts to prove the prevalence of undue influence. (Bigelow on Frauds, 500, 501 et seq.; Cooley on Torts, 515.)

BUCK, J.—This action was brought to set aside a deed from plaintiff to defendant, on the ground that it was procured by fraud. Decree was granted, setting aside the deed, and from the decree and order denying a new trial appeal is taken. The appellant specifies three errors upon which he relies: 1. That the court erred in excluding evidence offered by the defendant that he had furnished the money that purchased the

property conveyed by the deed. The record shows that the offer was to show that defendant had given money to plaintiff, from time to time, which was used by her in the purchase of property. He did not offer to show that he had loaned or furnished her money with the understanding that it was to be used to purchase the property. She had a right to use her own money as she chose, whether she received it from the defendant or others. We think the evidence clearly incompetent. 2. Appellant claims that the evidence was insufficient to support the sixth, seventh, ninth, tenth, eleventh, thirteenth, and fourteenth findings of fact. Upon an examination of the testimony we find evidence upon the subject matter of each of these findings. Some of it is undisputed, and where there is a conflict we think the credibility of the witnesses a matter for the trial judge, and we see no ground for disturbing the decision of the court thereon. 3. That some of the findings are outside of the issues, and that those actually found do not cover the issues raised by the pleadings. This objection suggests the question, What are the material issues in the case? The citation from 1 Daniell's Chancery Practice, in appellant's brief, states that, in actions of fraud, "everything intended to be proved should be stated, otherwise evidence cannot be admitted to prove it." (1 Daniell's Chancery Practice, 335.) Accepting this as correct, yet it does not follow that everything alleged in a pleading will be proven upon the trial, or that every allegation must be sustained by evidence before fraud can be established. (Bigelow on Frauds, 490, 493.) The gravamen of plaintiff's alleged cause of action is that "on the twenty-seventh day of May, 1884, defendant, fraudulently taking advantage of plaintiff's incapacity resulting from sickness and disease, caused her to execute a certain deed, whereby she conveyed to him certain real estate." The charging part of the complaint is as follows: "That the plaintiff being then sick, weak, and enfeebled from disease and prolonged sickness and confinement, and believing she had but a short time to live, and plaintiff being an illiterate person, and unable to read or write, the defendant on that day, fraudulently taking advantage of the plaintiff's said incapacity, procured her to sign a certain writing, without paying her any consideration therefor,

and which writing he falsely and fraudulently represented to be a will of the plaintiff, and purporting to devise her property as she had theretofore directed." In the decision of the court there is no finding upon the allegation that defendant fraudulently represented to plaintiff that said deed was a will. The failure to find upon this allegation is assigned and insisted upon as error.

In *Schroeder v. Jahns,* 27 Cal. 281, the court says: "While agreeing with counsel that the court must find as to the truth of every issue of fact found in the case, we think the finding need not be directly and pointedly made that each of the several allegations of the complaint or answer is not true. But if the court finds such facts as will be sufficient . . . . to necessarily determine every material issue in the cause, the requirement of the law will, in that respect, be satisfied." (See, also, to the same effect, Bigelow on Frauds, above cited.)

In the case at bar the court finds that on the twenty-seventh day of May, 1884, the plaintiff was the owner of certain real estate of the value of $1,500; that on said day she made the deed, whereby she conveyed it to the defendant for the consideration of two dollars; that, at the time she made the deed, the plaintiff was so sick, weak, and enfeebled, both mentally and physically, by disease and prolonged sickness, that she did not know or comprehend what kind of an instrument she was signing; that she had been a prostitute for years, and that the only relation existing between her and defendant were those resulting from illegal cohabitation; that prior to the making of the deed the defendant had been very assiduous in his attentions to plaintiff, and that after said deed was procured his attentions almost entirely ceased; that the property conveyed by the deed constituted plaintiff's entire estate; that she had eight children; that a short time before the making of said deed she had made a will devising said property to her children, and that a few days before the execution of said deed, with the assistance of defendant, she had destroyed said will; that said deed was executed about midnight, before a notary who had been sent for at the request of the defendant, there appearing no necessity for such unusual proceedings or haste; that plaintiff did not know the character of the instrument that she had

signed until about the 30th of September, four months after its execution; and that, having ascertained that she had executed a deed to her property, she demanded of defendant that he reconvey the same to her, and upon his refusal so to do, she commenced this action to recover the same; and that said deed was obtained of plaintiff by fraud by defendant. It is maintained by appellant that some of these findings are outside of the issues, and that findings outside the issue will not sustain a judgment. The legal proposition that findings outside the issue will not sustain a judgment is probably correct, and we think it is also correct that findings outside an issue will not impair a judgment entered upon sufficient findings responsive to the issues. In the case at bar we think the findings are all responsive to the issues, although the subject matter of them may not all have been alleged in the pleadings. It is said in Bigelow on Frauds, 482, that "fraud may be proved either by intrinsic evidence of unfairness in the transaction itself, or by evidence or facts and circumstances attending it." (3 Lawyers' Briefs, p. 583, sec. 577.)

In the citation from Daniell's Chancery Practice heretofore made it is said "that everything intended to be proved must be alleged"; but this would hardly be construed to mean that all the evidence by which it was to be proved must be pleaded. In the case at bar the *gravamen* of the charge is that, the plaintiff being sick and enfeebled, the defendant took advantage of her condition, and procured the deed. The fact that the plaintiff had eight children to whom a few days before she had willed her property; that the defendant had assisted her to destroy said will; that defendant had sent for a notary at midnight, without any apparent necessity for haste, to have the deed executed—are circumstances properly admitted in evidence, and, if competent evidence, we think findings upon them would be responsive to the issues. Appellant claims that defendant is entitled to a finding as to the allegation in the complaint that he falsely represented to plaintiff that the deed was a will. While a finding that such allegation was true might serve to make the fraud more apparent, yet the finding that it was not true could hardly relieve the defendant from the effect of the other findings in the case. The complaint does not in terms

limit the acts of the defendant to the alleged false representations as to the character of the deed. It alleges that defendant took advantage of the condition of the plaintiff, and induced her to sign the deed without consideration, and falsely represented to her that the deed was a will. Without a finding upon the false representations, we think enough was found to sustain the judgment under the authorities cited. It is also claimed by appellant that, if the direct misrepresentation by defendant as to the will is not found, the remaining facts as alleged and found constitute constructive, rather than actual, fraud as alleged in the complaint. Actual fraud is defined to be the intentional and successful employment of any cunning or artifice used to circumvent another. (3 Lawyers' Briefs, p. 568, sec. 558.) We think the facts found by the court clearly come within this definition.

We find no error, and the judgment below is affirmed.

Hays, C. J., and Broderick, J., concur.