[No. 14320.   In Bank. — July 17, 1891.]

WILLIAM LAING MALCOLMSON, PETITIONER, v.
M. K. HARRIS, JUDGE OF THE SUPERIOR COURT OF
FRESNO COUNTY, RESPONDENT.

NEW TRIAL — MOTION ON MINUTES OF COURT — ABSENCE OF NOTES OF
EVIDENCE — RECOLLECTION OF JUDGE — SETTLEMENT OF STATEMENT —
MANDAMUS. — The fact that a cause has been tried without the presence
of an official reporter, and that no notes of the evidence or proceedings
at the trial were ever filed or reduced to writing by the reporter, judge,
or clerk, does not deprive the losing party of the right to move for a new
trial on the minutes of the court, but he may rely upon the recollection
of the judge as to the evidence and proceedings, and can thereafter secure
a statement of the case, including the evidence material to the motion,
for the purposes of an appeal from the order made upon the motion, and
*mandamus* will lie to compel the settlement of such statement.

PETITION to the Supreme Court for a writ of mandate.
The facts are stated in the opinion of the court.

*Edward Lynch*, for Petitioner.

*Church & Cory*, for Respondent.

BEATTY, C. J. — This is a petition for a writ of man-
date to compel the judge of the superior court of Fresno
County to settle a statement on motion for a new trial.
The case has been submitted upon a general demurrer
to the petition, the substance of which is: That in an
action in which Paulina Fincher was plaintiff, and pe-
titioner a defendant, a judgment was entered in said
court in favor of the plaintiff; that thereafter, in due
time, the petitioner gave notice of his intention to move
for a new trial, upon the grounds, among others, that
the evidence was insufficient to justify the decision, and
that it was against law, and stating in said notice that
the motion would be based upon the minutes of the
court; that afterwards the motion for a new trial was
made and overruled, and thereupon a correct statement
of the evidence and proceedings at the trial was pre-

pared and served in due time; that the respondent struck out of said statement everything relating to the trial, including the evidence, and refused to settle or act upon the same, upon the ground that there were no minutes thereof, — that is to say, there were no short-hand notes of the evidence, no reporter having been present at the trial, and no notes of the evidence filed or taken in writing by either the clerk or judge; that peti-tioner has appealed from said order, and requires a state-ment of the case to support his appeal.

The question presented for decision is, therefore, whether, when a cause has been tried without the pres-ence of an official reporter, and when no notes of the evidence and proceedings at the trial by reporter, judge, or clerk have ever been filed or reduced to writing, the losing party can move for a new trial on the minutes of the court, relying on the recollection of the judge as to such evidence and proceedings, and can thereafter secure a statement of the case, including the evidence, for the purposes of an appeal from the order.

By section 658 of the Code of Civil Procedure, it is provided that when an application for a new trial is based upon the ground, among others, of insufficiency of the evidence to justify the verdict or other decision, or that it is against law, it may be made, at the option of the moving party, either upon the minutes of the court, or upon a bill of exceptions, or upon a statement of the case.

The notice of intention to move for a new trial must be filed within ten days after verdict or notice of decis-ion, and must designate the grounds of the motion, and whether it will be made upon the minutes of the court, bill of exceptions, or statement. If upon bill of exceptions or statement, the bill or statement must be proposed, amended, settled, engrossed, and filed before the motion is heard, and must contain a specification of the particular deficiencies of the evidence upon which

the moving party will rely. But when the motion is to be made on the minutes of the court, the notice itself must specify the particulars in which the evidence is alleged to be insufficient; otherwise the motion will be denied. (Code Civ. Proc., sec. 659.)

If the motion for a new trial is to be heard on the minutes of the court, it must be made at the earliest practicable period after notice (Code Civ. Proc., sec. 660); and on appeal from the order granting or refusing the motion, a statement to be subsequently prepared forms a part of the record. (Sec. 661.)

By these various provisions a very simple, plain, and expeditious practice is prescribed, by which the trouble, expense, and delay of settling statements or bills of exceptions may be entirely avoided in all that large class of cases in which the order of the trial judge granting or denying a new trial is accepted as final, as it always must be — so far as the ground we are considering is concerned — when there is a substantial conflict of evidence. And even where the losing party wishes to appeal, it will generally be easier and more convenient to make a statement after than before the order; for the argument of the motion will generally eliminate many of the points, as its decision will always do away with the necessity of setting out evidence upon points as to which there is an admitted conflict. The wonder is, that a practice so convenient, so saving of time, trouble, and expense, is so little resorted to.

Possibly the explanation is to be found in the fact that the terms of the statute leave it doubtful whether in a case like the present, where there are no written notes of the testimony capable of being placed on file, the moving party can have any advantage of the testimony actually adduced at the trial, and necessarily resting alone in the recollection of the judge. If so, it is fortunate that an occasion has arisen for removing any misconstruction on that point, for we have no doubt

that a party moving on the minutes of the court may rely on all matters that could be legitimately included in a statement prepared in advance of the motion. It is true that the statute enumerates depositions, documentary evidence, and phonographic report of testimony as matters to which reference may be had on the hearing of the motion (sec. 660), and there is some force in the argument that such an enumeration should be regarded as exclusive; but there is much more force in the consideration that since the judge has the undoubted right to include testimony actually given, though not reported, in a statement prepared in advance of the hearing, there is no reason why his recollection of the evidence should not be equally resorted to in making a statement after the hearing. The statement, at whatever time prepared, ought to be a correct presentation of so much of the testimony as is material, derived from the reporter's notes, if there are any, and if not, from the recollection of the judge, assisted by such notes as he may have taken; and the mere fact that there is no short-hand report of the trial ought not to be held to deprive the losing party of the privilege of moving for a new trial in the speediest and most convenient mode prescribed by the statute, unless its terms are such as to admit of no doubt that such was the intention of the legislature. We think the law demands no such construction; the enumeration in section 660 is not necessarily exclusive, and it is contrary to all considerations of justice and convenience to hold that it was intended to be. That a judge may and must consider on a motion for a new trial, made in advance of a statement, all evidence material to the grounds and specifications of the notice, whether reported or not, is something which the legislature may well have deemed too obvious to call for express enactment. And if such evidence is to be considered, it must go into the statement.

It is ordered that a peremptory writ of mandate be

issued, directed to respondent, and commanding him to settle said statement according to the facts, including therein the evidence material to the motion as given at the trial of said action.

SHARPSTEIN, J., PATERSON, J., DE HAVEN, J., MCFAR-LAND, J., and HARRISON, J., concurred.