## J. H. NORTH FURNITURE & CARPET COMPANY, Appellant, v. JAMES A. DAVIS, et al., Respondents.

### Kansas City Court of Appeals, December 17, 1900.

1. **Appellate Practice: CHATTEL MORTGAGE: DESCRIPTION: RES ADJUDICATA.** Where on a first appeal, it is determined the description of the chattel mortgage is insufficient, such question can not be again raised on a second appeal but is *res adjudicata*.

2. ——**: CONFLICT OF EVIDENCE: TRIAL WITH JURY.** Where the trial court is intrusted with the determination of the questions of both law and fact, its findings of fact will be conclusive on the appellate court if there be any substantial evidence to support them.

3. **Justices' Courts: TENDER: COMMON LAW: STATUTORY.** A deposit of money with the justice of the peace for the plaintiff is not a common law tender since not made to the plaintiff or his agent, nor is it a statutory tender since not made to the constable.

4. **Appellate Practice: FINDING OF TRIAL COURT: TENDER.** Where the trial court on the evidence is authorized to find there was no tender made by the defendant, the finding must be regarded as final on the appellate tribunal.

Appeal from the Ray Circuit Court.—*Hon E. J. Broaddus*, Judge.

AFFIRMED.

*Scarritt, Griffith & Jones*, for appellant.

(1) Any person with ordinary intelligence and honesty could identify the property, aided by the inquiry which the mortgage suggested. This is all that the law requires. Campbell v. Allen, 38 Mo. App. 31; State ex rel. v. Cabanne, 14 Mo. App. 295; 5 Am. & Eng. Ency. of Law (2

Ed.), p. 956; McNichols v. Fry, 62 Mo. App. 13; Ranney
v. Meisenheimer, 61 Mo. App. 434; Williamson v. Bank,
69 Mo. App. 377; Jennings v. Sparkman, 39 Mo. App. 670;
Evans-Snyder-Buel Co. v. Turner, 143 Mo. 638. (2) The
mortgage is good as between the original parties and third
parties having no interest as subsequent purchasers or cred-
itors. Fur. & Carpet Co. v. Davis, 76 Mo. App. 512; John-
son v. Jeffries, 30 Mo. 423; Bank v. Bank, 50 Mo. App. 92;
Dodson v. Dedman, 61 Mo. App. 209; Clapp v. Trowbridge,
74 Iowa 550. (3) Again the evidence shows that de-
fendant deposited $54.10 with the justice as being the
amount due on plaintiff's mortgage. This amount was after-
wards deposited with the clerk of the circuit court by the
justice under instructions from defendants. By this ten-
der defendants admit the validity of the mortgage and plain-
tiff's right to recover, and the tender can not be withdrawn
without plaintiff's consent. Berman v. Hoke, 61 Mo. App.
376; Crawford v. Armstrong, 58 Mo. App. 214; Voss v.
McGuire, 26 Mo. App. 452; Griffith v. Jackson, 45 Mo.
App. 165; Transfer Co. v. Neiswanger, 27 Mo. App. 356;
Sweetland v. Tuthill, 54 Ill. App. 515; Williamson v. Baley,
78 Mo. 636; Giboney v. Ins. Co., 48 Mo. App. 185; Mahan
v. Waters, 60 Mo. 171; Rose v. Rubeling, 24 Mo. App. 369;
Johnson v. Garlichs, 63 Mo. App. 578; Arthur v. Arthur,
17 Pac. (Kan.) 187; Neldon v. Roof, 38 Atl. (N. J.) 429;
R. S. 1899, sec. 1566, p. 502; Schur v. Hickcox, 45 Wis.
200; Com. Co. v. Gravel Co., 140 Mo. 103; McGuire
v. Brockman, 58 Mo. App. 310; Woolner v. Levy, 48 Mo.
App. 474; Berman v. Hoke, 61 Mo. App. 380. (4) The
finding and judgment of the court is against the evidence;
and appellate courts will always set aside a judgment with-
out substantial evidence to support it. Long v. Moon, 107
Mo. 334, and cases cited; Ettlinger v. Kahn, 134 Mo. 497,

and cases cited; Land Co. v. Bretz, 125 Mo. 418; Efron v. Car Co., 59 Mo. App. 641; Turner v. Langdon, 85 Mo. 438; Brewery v. Lindsay, 72 Mo. App. 591; Mead v. Maberry, 62 Mo. App. 557.

*Lavelock & Kirkpatrick* and *F. P. Divelbiss* for respondents.

(1) The evidence as to the sufficiency of the description of the sideboard in the chattel mortgage, on the former appeal, is identical with the evidence on this appeal, and the question then adjudicated is *res adjudicata* now.   Overall v. Ellis, 38 Mo. 209; Bank v. Taylor, 62 Mo. 340; Keith v. Keith, 97 Mo. 231; Gwin v. Waggoner, 116 Mo. 151; Baker v. Railroad, 147 Mo. 152; McKinney v. Harral, 36 Mo. App. 339; Lead & Zinc Co. v. Ins. Co., 41 Mo. App. 414; Hance v. Railroad, 62 Mo. App. 63; Elevator Co. v. Cleary, 77 Mo. App. 302; Printing Co. v. Protection Ass'n, 81 Mo. App. 468, 469.   (3) The chattel mortgage being invalid, plaintiff was not entitled to recover, since "the defendants were purchasers of the sideboard in dispute for a valuable consideration without notice or knowledge" of the claim of plaintiff.   Stonebraker v. Ford, 81 Mo. 533; Chandler v. West, 37 Mo. App. 631; Bozeman v. Fields, 44 Mo. App. 432; Randol v. Buchanan, 61 Mo. App. 445.   It can not be denied that, under the law of this state, taking property for a pre-existing debt constitutes one a purchaser for value.   Strauss, Pritz & Co. v. Hirsch & Co., 63 Mo. App. 107; Bank v. Frame, 112 Mo. 508, 512.   (3) The evidence in this case neither discloses a tender under the statute, nor at common law.   25 Am. & Eng. Ency. of Law, p. 918, and cases cited; 20 Cent. Law Journal, p. 247, and cases cited; Notes to Moynahan v. Moore, 77 Am. Dec. pp. 477, 478; R.

S. 1899, sec. 3944; Voss v. McGuire, 26 Mo. App. 452.
(4) A finding by the trial court is equivalent to a verdict.
Freeman v. Moffitt, 119 Mo. 294; Freeman v. Moffitt, 135
Mo. 288. The finding of the trial court, if sustained by
substantial evidence as in this case, will not be reviewed by
the appellate court. Fulkerson v. Long, 63 Mo. App. 271;
Peacock v. Doerries, 67 Mo. App. 354; Mining Co. v. Fel-
ton, 78 Mo. App. 214.

SMITH, P. J.—Action in replevin. It will be seen by
reference to 76 Mo. App. 512, that we there held that the
chattel mortgage, under which the plaintiff claimed to be en-
titled to possession of the property in dispute, was invalid
on account of the insufficiency of the description therein.
We may presume that the trial court on the retrial of the
case adopted that view. The question of the sufficiency of
the description in the mortgage can not be again raised on
this appeal. As to this case it must be reparded as having
been finally determined on the former appeal, or as *res
adjudicata.* Hombs v. Corbin, 34 Mo. App. 393, and cases
there cited; Walser v. Graham, 60 Mo. App. loc. cit. 327;
Cherry v. Railway, 61 Mo. App. loc. cit. 305.

We there further held that the mortgage was valid as
between the mortgagor and mortgagee, as to third persons
with actual notice and as to purchasers, creditors and the like
having no interest in the mortgaged property; and that since
there was no evidence that the defendants were in any way
interested as subsequent purchasers, attaching creditors or
otherwise, they could not be prejudiced by giving effect to
the mortgage. And the final conclusion was reached that
the trial court had erred in its action sustaining the de-
fendant's demurrer to the evidence.

The cause was accordingly remanded and on the sec-
ond trial thereof, which was by the court without the in-

tervention of a jury, there was a special finding that the defendants were purchasers for value without notice. As to this issue there was some conflict in the evidence. It can not be truly said that there was a total absence or no substantial evidence at all adduced in favor of the affirmative. It has been often declared by us that where a cause is submitted to the court without the aid of a jury and it is thereby intrusted with the determination of the questions of both law and fact its findings of fact will be conclusive on us if there be any substantial evidence to support them. Swayze v. Bride, 34 Mo. App. 414; Caruthers v. Williams, 58 Mo. App. 101; Arnold v. Ins. Co., 55 Mo. App. 149; Smith v. Zimmerman, 51 Mo. App. 519.

The plaintiff further insists that as there was a deposit of $54.10, made by defendants with the justice before whom the cause was instituted as being the amount due on the mortgage, which after appeal the justice deposited with the clerk of the appellate court, that this amounted to a tender by which the defendant admitted the validity of the mortgage and the plaintiff's right to recover. The justice testified that before the trial one of the defendants deposited with him the above specified amount as being the amount due on the mortgage which he understood to be a tender. Mr. Lavelock testified that after the suit was brought he examined the record of the mortgage and saw the three notes for the first time and it was claimed there was only two of these remaining unpaid. The plaintiff claimed all three were unpaid. Being under the impression that only two of the notes were unpaid and for the purpose of putting an end to the controversy he deposited with the justice the amount of the two notes for the acceptance of the plaintiff. He further testified that when the deposit was made he told the justice that it was not made as tender or as an acknowl-

edgment of any principal or interest or either, but for plaintiff if it "wanted to accept it in settlement of the whole thing."

There was no tender made by defendants to *plaintiff or its agent*, consequently there was no common-law tender. 25 Am. & Eng. Ency. Law, 918 and cases there cited. Nor was there a statutory tender for the reason the deposit was not made with the constable. R. S. 1899, sec. 3944; Voss v. McGuire, 26 Mo. App. 452.

Nor can we see that the action of the justice depositing the amount with the clerk of the appellate court after the appeal, whether or not made with the consent of defendants' attorneys, can be construed into a tender either at common law or under the statute. Any way, the trial court specially found there was no tender, which, under the rule previously stated, must be regarded as conclusive on us.

The judgment will accordingly be affirmed. All concur.