WILLIAM E. HARVEY, APPELLEE, v. T. B. BOWMAN, APPELLANT.

FILED MAY 29, 1912.　No. 16,714.

**Appeal:** CONFLICTING EVIDENCE. This is an action at law, tried by the court without a jury. The evidence is somewhat conflicting, but sufficiently supports the judgment, which is accordingly affirmed.

APPEAL from the district court for Boone county: JAMES R. HANNA, JUDGE. *Affirmed.*

*C. E. Spear, F. J. Mack* and *H. C. Vail,* for appellant.

*H. Halderson* and *O. M. Needham, contra.*

SEDGWICK, J.

The plaintiff recovered a judgment in the district court for the value of eight loads of corn. One Smith was farming the plaintiff's land on shares, and delivered the corn to the defendant, who was dealing in grain. The defendant admits that he bought eight loads of corn delivered by Smith, but testifies that the first three loads delivered belonged to Smith and not to the plaintiff, so that the controversy is in regard to the value of the three loads.

The scale checks taken by Smith are in evidence; the first three are made out to Smith, and the remaining five to the plaintiff, and the defendant testifies that when Smith contracted the corn with him he represented it to be his own corn, and after three loads were delivered Smith refused to deliver any more of his own corn, and afterwards delivered the five loads as the corn of the plaintiff. The defendant seems to be candid in the matter, and the conduct of Smith does not appear to be entirely consistent, but the defendant's own evidence is not sufficient to constitute a defense. He admits that he bought the corn, and that he has not paid for it, and that the grain checks which he gave for the corn were, before the commencement of the action, in the hands of the plaintiff who claimed to be the owner of the corn. The plaintiff and Smith both testify that the corn belonged to the plaintiff, and statements made by Smith, at the time he contracted it, that it was his own corn do not overcome this testimony.

The defendant deposited money in the bank for the five loads of corn, and insists that the judgment is therefore in any event too large, but he never made legal tender of any amount to the plaintiff, and deposited this money as payment in full of the plaintiff's claim. He is therefore not entitled to credit on this claim for the deposit in the bank.

The judgment of the district court is sufficiently sustained by the evidence, and is

AFFIRMED.