(April 18, 1921.)

## JAY L. HOSKINS, Appellant, v. BENJAMIN D. MICHENER, Respondent.

[197 Pac. 724.]

SPECIFIC PERFORMANCE — OFFER—ACCEPTANCE—REJECTION—COUNTER-OFFER.

  1. In order to constitute a contract it is necessary that the offer shall be accepted as made.

  2. If a pretended acceptance adds any provision to which the offeror did not assent, the consequence is that the offer is rejected and no contract is formed.

APPEAL from the District Court of the Fourth Judicial District, for Lincoln County, Hon. Wm. A. Babcock, Judge.

Action for specific performance of contract for purchase of real estate. Judgment for defendant. *Affirmed.*

E. D. Reynolds, for Appellant.

The evidence was not contradicted that appellant took immediate possession of the land and began improving it. Respondent's agent knew appellant had possession, as he went to the land to find appellant. The respondent was charged with notice of any such facts coming to the attention of his agent. (Mechem on Law of Agency, p. 550.)

James R. Bothwell, W. Orr Chapman and Henry M. Hall, for Respondent.

The offer made by the agents to the plaintiff was not in accordance with the authority contained in the letter from the defendant to the agents. Hence, there could have been no acceptance and no contract. (Ann. Cas. 1917A, 520; 31 Cyc. 1253 et seq. and cases cited.)

Part performance of an unauthorized and unratified contract cannot be construed either to effect or make a contract which never existed, or to take such nonexistent contract

without the operation of the statute of frauds. The acts done must have been in pursuance of the contract and to carry it into execution, and with the consent and knowledge of the other party. (Ann. Cas. 1913E, 507, and note, pp. 510–512.)

A possession taken by the authority of an alleged agent of the vendor, without the vendor's knowledge, has been held insufficient, unless such agent had written authority from the vendor to surrender possession. (2 Ann. Cas. 286.)

McCARTHY, J.—Between May 1 and May 13, 1916, respondent wrote Heiss & Hardwick, real estate dealers of Jerome, Idaho:

"I am planning to go to my land south of Jerome late this summer and put it in fall crop. If you can sell it before I get there, well and good. I will let it go at $65 an acre as it stands. My equity in cash."

Heiss & Hardwick showed the land in question to appellant, first telling him that the price was $64 per acre. Later, on consulting respondent's letter, they notified appellant that the price asked was $65 per acre. On May 13th a written instrument was signed by Heiss & Hardwick and appellant, by which the latter agreed to purchase the land for $65 per acre, $100 down and the balance of the amount of respondent's equity within a reasonable time, it being agreed that any time within sixty days was a reasonable time. Heiss & Hardwick wired respondent that they had sold his land and, on May 15th, wrote him that he was to get $1,341 cash for his equity, which would amount to less than $65 per acre. Respondent wired back:

"You disregarded agreement. My land is off the market."

On May 26th Heiss & Hardwick wrote respondent that they had sold the land for $65 per acre, his equity to be paid in cash, and inclosed deed for him to execute. Respondent refused to execute the deed, adhering to his position that his offer had been withdrawn. Appellant had paid $100 to Heiss & Hardwick on their executing the agreement,

and, without respondent's knowledge, had in the meantime gone upon the land and made certain improvements. Appellant brought this action for specific performance. The court found that the offer of sale made by respondent had not been accepted by appellant and entered judgment for respondent.

Appellant's principal contention is that the written agreement between himself and Heiss & Hardwick of May 13th was a sufficient acceptance in writing of the written offer made by respondent through his agents, Heiss & Hardwick, and that the finding of the court to the contrary is not supported by the evidence.

"In order to make a bargain it is necessary that the acceptor shall give in return for the offeror's promise exactly the consideration which the offeror requests. If an act is requested, that very act and no other must be given. If a promise is requested that promise must be made absolutely and unqualifiedly. This does not mean necessarily that the precise words of the requested promise must be repeated, but by a positive and unqualified assent to the proposal the acceptor must in effect agree to make precisely the promise requested; and if any provision is made to which the offeror did not assent, the consequence is not merely that this provision is not binding and that no contract is formed, but that the offer is rejected." (1 Williston on Contracts, sec. 75, p. 128.)

"A conditional acceptance is in effect a statement that the offeree is willing to enter into a bargain differing in some respects from that proposed in the original offer. The conditional acceptance is, therefore, itself a counter-offer and rejects the original offer, so that thereafter even an unqualified acceptance of that offer will not form a contract. (Id., sec. 77, p. 134.)

"A reply altering in any way the method of payment or performance, . . . . will invalidate an acceptance." (Id., sec. 77, p. 136.)

The text is sustained by many cases cited.

If it be conceded that respondent's letter to Heiss & Hardwick was a valid offer in writing to sell the land, the agreement between appellant and Heiss & Hardwick did not constitute an acceptance. The 'offer was to sell the land on condition the amount of respondent's equity was paid in cash. The agreement between Heiss & Hardwick and appellant provided that the balance of respondent's equity, over and above the $100 paid in cash, should be paid within a reasonable time, and that any time within sixty days was reasonable. This would not be paying the amount of the equity in cash. (1 Words and Phrases, 997, 998.) Therefore, there was not a valid acceptance of respondent's offer but rather a counter-offer which constituted a rejection. The respondent was within his rights in withdrawing his land.

In still another respect it appears that there was no valid acceptance. While appellant testifies that he did not direct Heiss & Hardwick to write the letter of May 15th, by which respondent was led to believe that the offer was for less than $65 per acre, the inference is justified that he knew it was written and that they were acting for him rather than for respondent in this respect. Their act in writing this letter and withholding from respondent the fact that appellant had agreed with them in writing to pay $65 an acre can fairly be considered a counter-offer on the part of appellant which respondent refused to accept. Conceding, as a general rule, that an acceptance communicated to an agent who is acting in good faith for the original principal is valid, that rule should not be applied under the facts of this case.

Appellant's act in entering upon the land and making improvements without respondent's consent, and in the absence of a valid contract of purchase, did not give him a right to specific performance.

As the views expressed above are decisive of the case, it is unnecessary to discuss other matters mentioned in the briefs. The judgment is affirmed, with costs to respondent.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.