(October 6, 1922.)

## JOSEPH W. HESS, Respondent, v. THEODORE ABEL SWANSON, Appellant.

[209 Pac. 721.]

APPEAL—MOTION TO DISMISS—MOTION FOR NEW TRIAL—TIME FOR GIVING NOTICE.

> The time to give notice of motion for a new trial in an action for unlawful detainer begins to run from the verdict, and such notice must be given within ten days thereafter.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Action for unlawful detainer. Judgment for plaintiff. From an order denying motion for new trial, defendant appeals. Motion to dismiss appeal. *Granted.*

Peterson & Coffin, for Appellant, cite no authorities.

Jones, Pomeroy & Jones, for Respondent.

Notice required by statute is jurisdictional and must be given in strict conformity with the statute. (*Fox v. Rogers,* 6 Ida. 710, 59 Pac. 535; *Daley v. Anderson,* 7 Wyo 1, 48 Pac. 839; *Goade v. Gossett,* 35 Ida. 84, 204 Pac. 670; *Empire Mill Co. v. District Court,* 27 Ida. 383, 149 Pac. 499; *Richter v. Eagle Life Assn.,* 24 Mont. 346, 61 Pac. 878.)

Under C. S., sec. 6890, the time within which to give notice of intention to move for a new trial refers to the filing of the verdict. (Hayne, New Trial and Appeal, sec. 18, p. 101, et seq.)

McCARTHY, J.—This is an appeal from an order of the trial court denying appellant's motion for a new trial. Respondent has moved to dismiss the appeal on the ground that it appears from the record that appellant did not file and serve his notice of motion for new trial within the time pro-

vided by statute. The granting of a new trial by the district court is entirely a matter of statute. The appeal being only from the order denying a new trial, if the notice of motion was not made within the prescribed time, the lower court had no jurisdiction to grant a new trial, and the appeal should be dismissed. C. S., sec. 6890, provides: "The party intending to move for a new trial must, within 10 days after the verdict of the jury, if the action were tried by a jury, or after notice of the decision of the court or referee, if the action were tried without a jury, file with the clerk and serve upon the adverse party a notice of his motion . . . ."

This is an action for unlawful detainer, the bill praying for (1) restitution of the premises, (2) damages for detention, and (3) treble damages under sec. 7335. That section provides that in such case "the jury, or the court, if the proceeding be tried without a jury, shall . . . . assess the damages occasioned to the plaintiff . . . . and the judgment shall be rendered . . . . for three times the amount of the damages thus assessed . . . ."

The action is one triable by jury unless a jury trial is waived. The verdict was rendered on March 23, 1921; judgment entered on March 24th, and the notice of intention to move for a new trial was served and filed on April 4, 1921. If the provision of C. S., sec. 6890, that notice of the motion must be given within 10 days after verdict applies, the notice was given too late. Counsel for appellant contend that since judgment might have been entered for treble damages, the time for giving the notice began to run from the entry of the judgment and not from the verdict. This contention is not sound. The case was one triable by jury, and the motion for a new trial was directed to the verdict rather than to the judgment. If no error appeared in the proceedings prior to the verdict or in the verdict itself, there would be no occasion for a new trial; any mistake in rendering judgment upon a valid verdict could be corrected without granting a new trial. We conclude that the time to give notice of a motion for a new trial began to run from the verdict. (1 Hayne on New Trial and Appeal, Rev. ed., sec. 16, p. 91.)

The motion to dismiss the appeal is granted. Costs are awarded to respondent.

Dunn and Lee, JJ., concur.