(July 30, 1923.)

## C. W. BROCKMAN, Appellant, v. CHARLES J. HALL, J. H. COLE and J. L. GALLOWAY, Respondents.

[218 Pac. 188.]

NOTICE OF MOTION FOR NEW TRIAL—EXTENSION OF TIME.

    1. An appeal from an order overruling a motion for new trial will be dismissed when the notice of motion for new trial was not served and filed within ten days after the verdict of the jury.

    2. An extension of time within which a notice of motion for new trial must be served and filed cannot be presumed or implied from the fact that objection was not made in the trial court or that stipulation was entered into between the parties relating to the filing of a brief on appeal.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Wallace N. Scales, Judge.

Order denying motion for new trial from which plaintiff appeals. Appeal *dismissed*.

Eugene A. Cox and Noel B. Martin, for Appellant.

The rule fixing the time within which briefs are to be filed is as imperative as any other rule. Respondent is clearly in default and his brief should be stricken. (*Hale*

*& Norcross Silver Min. Co. v. Fox,* 120 Cal. 261, 52 Pac. 499.)

Respondent having failed to raise in the lower court the objection as to the time of serving the notice of intention to move for a new trial, having presented and argued the motion for a new trial, and thereafter in the lower court and in this court participated in proceedings in recognition of the appeal, has waived the right to object that the notice of intention to move for a new trial was not served or filed within the time provided by law. This objection cannot be raised for the first time in this court. (*Stevens v. Northwestern Stage Co.,* 1 Ida. 604; *Brinchman v. Ross,* 67 Cal. 601, 8 Pac. 316; *Hobbs v. Duff,* 43 Cal. 485; *Hodgdon v. Griffin,* 56 Cal. 610; *Gray v. Nunan,* 63 Cal. 220; *Patrick v. Morse,* 64 Cal. 462, 2 Pac. 49; *Schiefferly v. Tapia,* 68 Cal. 184, 8 Pac. 878; *Girdner v. Beswick,* 69 Cal. 117, 10 Pac. 278; *Christy v. Spring Valley W. W.,* 68 Cal. 73, 8 Pac. 849.)

Fred E. Butler, for Respondents.

Sec. 6890, C. S., provides that notice of intention to move for new trial must be filed within ten days after the verdict. This is jurisdictional. The court has no authority to extend the time to file this notice.

Unless notice of motion is filed within the time required by statute the trial court would not have jurisdiction to pass upon the motion. (*Times Printing & Publishing Co. v. Babcock,* 31 Ida. 770, 176 Pac. 776.)

Where notice of intention to move for new trial is not filed in the time provided by statute it should be stricken. (*Howes v. Dols,* 27 Ida. 576, 150 Pac. 38.)

WILLIAM E. LEE, J.—This action was commenced in February, 1921, by appellant C. W. Brockman against Charles J. Hall, J. H. Cole and J. L. Galloway to recover on a promissory note for the sum of $1,300, together with interest and attorney's fees. Cole and Galloway were the makers of the note and Hall was the payee. The note had

been sold and indorsed by Hall to appellant. Hall was the only one of the defendants living in this state, and was the only one of the defendants upon whom personal service of summons was had in this state. Hall, hereinafter referred to as the respondent, answered denying the material allegations of the plaintiff's complaint and alleging, by way of counterclaim, that appellant was indebted to him in the sum of approximately $4,000. The action was tried to the court and a jury in December, 1921, and a verdict rendered in favor of respondent and against appellant in the sum of $3,163.50. Judgment was accordingly entered in favor of respondent and against appellant.

After the parties had introduced their evidence in chief and appellant had finished his rebuttal, a question arose as to the sufficiency of the allegations of the complaint to hold respondent as an indorser. The matter was argued to the court and a number of amendments were proposed. Finally the court refused to allow the amendments desired by appellant, sustained an objection to an offer to prove additional facts on behalf of appellant, and directed a verdict against appellant on the cause of action alleged in the complaint. Thereafter the jury found for respondent, as hereinbefore stated, on his counterclaims. However much this court would prefer to do so, in view of the condition of the record in this case it will not be practicable to determine this matter upon its merits.

The verdict was filed and the judgment was entered in this cause on December 13, 1921. Thereafter, on December 24, 1921, appellant served and filed his "notice of intention to move for a new trial," which, it will be observed, was more than ten days after the entry of judgment. The appellant thereafter made his motion for new trial, which motion was denied by the court, and this appeal is from the order denying the motion for new trial. Appellant and respondent, through their counsel, made and entered into two or three stipulations extending the time within which it was necessary for appellant to file his brief in this court, and the brief of appellant was filed in this court on March 8,

1923. Respondent's brief, under the rules of this court, should have been served upon appellant within twenty days after the service of appellant's brief. The record shows that it was served and filed on June 2, 1923. Respondent, in his brief, raises the question of the failure of appellant to serve and file his notice of motion for new trial within the ten days provided by C. S., sec. 6890, and moves to dismiss the appeal on that and other grounds. Appellant thereafter served and filed a reply brief in which he moved to strike respondent's brief on the ground and for the reason that it was not served and filed within the time provided by the rules of this court.

The motion of respondent to dismiss the appeal of appellant from the order of the district court overruling the motion for new trial must be sustained, it conclusively appearing from the record that the notice of motion for new trial was not served and filed within ten days after the verdict of the jury. This court has no discretion in the premises. C. S., sec. 6890, provides that the notice of intention to move for a new trial must be served and filed within ten days after the verdict of the jury.

In discussing the motion for new trial, in 1 Hayne's New Trial and Appeal, sec. 17, p. 97, the author says:

" . . . . Whatever may be the period prescribed, the notice must be given before it elapses, whether limited to the term or not. This has been held in every state, in an unbroken line of decisions, from the earliest period of its judicial history. The requirement that the notice be given within the prescribed time is mandatory, and unless so given no right of review by the method in question can be acquired. Since the procedure is statutory, the mode pointed out by statute must be pursued; and this implies the giving of the notice within the time prescribed."

In the case of *Hess v. Swanson*, 36 Ida. 135, 209 Pac. 721, this court said:

"Respondent has moved to dismiss the appeal on the ground that it appears from the record that appellant did not file and serve his notice of motion for new trial within

the time provided by statute. The granting of a new trial by the district court is entirely a matter of statute. The appeal being only from the order denying a new trial, if the notice of motion was not made within the prescribed time, the lower court had no jurisdiction to grant a new trial, and the appeal should be dismissed.''

In the case of *Times Printing & Publishing Co. v. Babcock*, 31 Ida. 770, 176 Pac. 776, this court said:

''We are of the opinion that the notice of motion for new trial, if filed within the time required by statute, continues the jurisdiction of the trial court to rule upon the merits of the motion. . . . . ''

It should follow, therefore, that a failure to file the notice of motion for new trial within the time required by the statute would divest the trial court of jurisdiction to rule upon the merits of the motion.

Appellant, however, contends that respondent, having failed to raise in the district court the objection that the notice of motion for new trial was not filed within the time provided by law, having presented and argued the motion for new trial, and having thereafter, in both the lower court and this court, participated in proceedings in recognition of the appeal, has waived the right to object that the notice of motion for new trial was not served or filed within the time provided by law; and he cites a number of early cases from California as well as one case decided by this court: *Stevens v. Northwestern Stage Co.*, 1 Ida. 604, in support thereof.

C. S., sec. 6890, provides that the party intending to move for a new trial ''must, within ten days after the verdict of the jury, . . . . file with the clerk and serve upon the adverse party a notice of his motion.'' No provision is made in said section 6890 for extending the time for filing the notice of motion either by stipulation of the parties, by order of the trial court, or by waiver.

The provision of the statute that the notice of motion for new trial must be served and filed within ten days after the verdict of the jury cannot be waived by stipulating

additional time within which to serve and file a brief or by arguing a motion for new trial. If the time within which a notice of motion for new trial must be served and filed may be extended by an order of the trial court under the provisions of C. S., sec. 7234, which it is not necessary to now decide, such an extension of time could not be presumed or implied from the fact that objection was not made in the lower court or that a stipulation was entered into between the parties relating to the filing of a brief on appeal. An examination of section 485 of the Civil Practice Act, in force at the time *Stevens v. Northwestern Stage Co.*, 1 Ida. 604, was decided, will disclose that it is substantially the same as C. S., sec. 9451, and that *Stevens v. Northwestern Stage Co.* is not in point.

The fundamental question of jurisdiction can be raised at any stage of the proceedings and is always before a court. When a court realizes that it does not possess jurisdiction to pass upon the question presented, it is the duty of the court to decline to act. While we will strike the brief presented by respondent because it was not served in time, we cannot shut our eyes to the motion to dismiss the appeal. (See Rule 51.)

Appeal dismissed. Costs, except for respondent's brief, to respondent.

McCarthy, Dunn and William A. Lee, JJ., concur.

Petition for rehearing denied.