(No. 5639.   December 31, 1930.)

JOHN A. BARKER, Respondent, v. PETER McKELLAR, Appellant.

[294 Pac. 196.]

E. V. Boughton, for Appellant.

Reed & Reed, for Respondent.

VARIAN, J.—Respondent brought this action for specific performance of an oral contract to convey certain land near Huetter, Idaho. From a decree awarding compensation for

permanent improvements in lieu of specific performance, and an order striking notice of motion for a new trial, defendant appeals.

Appellant is the uncle of respondent's wife. The court found: That appellant on March 12, 1929, was the owner of the northwest quarter of the southwest quarter of section 4, township 50 north, range 4, W. B. M., in Kootenai county; that said land was of little value, and in furtherance of a desire to increase its value appellant wrote to respondent in Florida and offered to give him sufficient land upon which to erect a gasoline service station, chicken-houses, and an automobile tourist camp, if respondent would come to Kootenai county and erect said mentioned buildings, and offered to pay for all materials used in said buildings if respondent would pay for the labor in constructing said buildings; that thereafter respondent came to Kootenai county, and appellant chose a site upon which to erect said buildings; that appellant, pursuant to his said offer, furnished materials used in building said gasoline service station and living-rooms, amounting to about $800; that respondent furnished all of the labor in constructing said building, expending therefor the sum of $2,090.03, and performed labor in said construction of the value of $300; that about October 1, 1929, respondent went into possession of the buildings so constructed by the parties, and ever since has been in such possession; that their rental value is $30 per month; that appellant's offer and respondent's acceptance thereof was a just and equitable contract and agreement between them, for the reason that appellant's real estate, at the time of his offer, did not exceed $40 per acre in value, and that the buildings increased and enhanced the value of appellant's adjoining lands; that respondent has purchased under contract two gasoline pumps, located on the premises, and for which he has not fully paid; that appellant agreed to convey to respondent sufficient land upon which to erect a service station and other buildings but that said land was not sufficiently described, either as to quantity or survey, so as to entitle respondent to specific performance of said agreement.

The court concluded that respondent was not entitled to specific performance, but was entitled to judgment against appellant for $2,390.03, less $240, reasonable rental value for the time the premises were occupied by respondent; that appellant was entitled to a quitclaim deed from respondent of his interest in said buildings, etc.

The court's action in striking appellant's notice of motion for a new trial is assigned as error. Findings of fact, conclusions of law and judgment entered thereon were served upon counsel for appellant on May 24, 1930. On June 2, 1930, appellant served and filed a notice of motion for a new trial, which, omitting the title, date, signature and to whom addressed, reads:

"Please take notice that the above-named defendant intends to and will move the court for a new trial in the above-entitled matter. Said motion will be hereafter filed and served within twenty (20) days from the date hereof, or such further time as the court may allow."

On the same date the trial judge signed the following *ex parte* order, viz.:

"It is hereby ordered that the name of E. V. Boughton shall be entered as attorney for defendant, and that defendant may have up to and including the 15th day of July, 1930, in which to prepare, file, and serve his motion for a new trial with specifications."

Four days later, respondent filed a motion to strike the notice of motion for a new trial, because it did not comply with the requirements of C. S., sec. 6890. Thereafter, appellant filed his "motion for a new trial" designating numerous specifications of error under two main statutory grounds, i. e., insufficiency of the evidence to justify the judgment, and errors of law occurring at the trial. Later, on June 28, 1930, the court entered an order striking the notice of motion, etc.

C. S., sec. 6890, provides that a party intending to move for a new trial must, within ten days after notice of the decision of the court or referee, if tried without a jury, "file with the clerk and serve upon the adverse party a notice of

his motion designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits, or the records and files in the action, or the minutes of the court.''

C. S., sec. 6890, subd. 2, reads:

''When the motion is to be made upon minutes of the court, and the ground of the motion is the insufficiency of evidence to justify the verdict or other decision, the notice of motion must specify the particulars in which the evidence is alleged to be insufficient; and, if the ground of the motion be errors in law occurring at the trial, and excepted to by the moving party or deemed excepted to, the notice must specify the particular errors upon which the party will rely. If the notice of motion does not contain the specifications herein designated the moving party may at any time within twenty days after filing such notice of motion, or within such further time as the court may allow, file a notice containing such specifications and serve a copy of the same upon the adverse party, and unless he do so the motion must be denied.''

█ █ Apparently, the last clause of this subdivision is designed to permit the movant to specify the particulars in which the evidence is insufficient, or what errors of law occurred, within twenty days after filing the notice of motion, or such further time as the court may allow. It does not excuse appellant from designating generally in his notice of motion the particular grounds, of those enumerated in C. S., sec. 6888, upon which he will move for a new trial. The giving of notice of motion for a new trial is jurisdictional, and the statute must be followed (46 C. J. 306; 1 Hayne on New Trial and Appeal (Rev. ed.), sec. 17; 1 Spelling on New Trial and Appellate Practice, sec. 355.) This court has held that a notice of motion not served and filed within ten days after the verdict of the jury was ineffectual and dismissed the appeal (*Brockman v. Hall*, 37 Ida. 564, 218 Pac. 188; *Hess v. Swanson*, 36 Ida. 135, 209 Pac. 721), and recently held that the form of the notice of motion was immaterial, so long as the statutory requirements were met,

and held that an insufficient notice of motion for a new trial, served and filed with the motion attached thereto,—the grounds of the motion being sufficiently designated in the motion,—together constitute a valid notice of motion for a new trial. (*Newby v. City of St. Anthony*, 49 Ida. 299, 287 Pac. 953.)

Prior to amendment (Cal. Stats. 1915, chap. 107, p. 201), California Code Civ. Proc., sec. 659, was very similar to our C. S., sec. 6890, and the grounds for a new trial (Cal. Code Civ. Proc., sec. 657) were identical with those enumerated in C. S., sec. 6888. The California statute (Code Civ. Proc., sec. 659) requires the notice of intention to state "the grounds upon which the motion will be made" (*Eades v. Trowbridge*, 143 Cal. 25, 76 Pac. 714; *Malcolmson v. Harris*, 90 Cal. 262, 27 Pac. 206), refers to the statutory grounds (*DeMolera v. Martin*, 120 Cal. 544, 52 Pac. 825), and contemplates the grounds be stated generally in the language of the code (*Pacific Gas & Elec. Co. v. Rollins*, 32 Cal. App. 782, 164 Pac. 53). This requirement was held to be mandatory, and where no grounds are designated a new trial will not be granted (*Walls v. Preston*, 25 Cal. 59); nor will it be granted upon a ground not specified. (*Polk v. Boggs*, 122 Cal. 114, 54 Pac. 536.) Before the 1915 amendment, the California statute provided that the notice of intention must state whether the motion will be "made upon affidavits or the minutes of the court, or a bill of exceptions, or a statement of the case." This requirement was likewise held to be mandatory, and a motion will not be considered when the notice of intention does not state upon what it will be based. (*Hughes v. Alsin*, 112 Cal. 587, 44 Pac. 1027; *Hill v. Beatty*, 61 Cal. 292.) The notice of intention cannot be amended after the time for filing it has expired (*Little v. Jacks*, 67 Cal. 165, 7 Pac. 449; *Cooney v. Furlong*, 66 Cal. 520, 6 Pac. 388; *Blue Creek Land & Live Stock Co. v. Anderson*, 35 Utah, 61, 99 Pac. 444); nor can the time be extended for filing the notice of intention unless the extension order is made before the statutory time for filing notice of

intention has expired. (*Burton v. Todd,* 68 Cal. 485, 9 Pac. 663.)

In the case before us, the notice of motion is fatally defective in that it neither states the grounds generally upon which the motion for a new trial will be based, nor upon what the motion will be made. While the motion itself, filed sixteen days after the notice of motion, specifies insufficiency of the evidence to justify the judgment, and errors in law occurring at the trial and excepted to by defendant, as a basis therefor, it nowhere states whether appellant relied upon the record and files or affidavits, etc. The motion was filed too late to be considered as part of the notice, as was done in *Newby v. City of St. Anthony, supra,* but if so considered, the notice is still defective in failing to state whether it is to be made upon the record and files or affidavits, etc. The order of June 2, 1930, directed the entry of Mr. Boughton's name as attorney for defendant, who had been represented by other counsel prior to that time, and extended the time for filing the motion for a new trial "with specifications" until July 15, 1930. It did not purport to extend the time for filing the notice of motion. Extending the time for filing the motion for a new trial does not extend the time for filing notice of motion for the same; therefore, the motion to strike was properly sustained. (*Howes v. Dols,* 27 Ida. 576, 150 Pac. 38.)

As an affirmative defense, the answer alleged that respondent offered to appellant the sum of $1,800 for his quitclaim deed of his interest in and to the property involved herein, with all improvements thereon except the gasoline service pumps; that appellant immediately accepted the plaintiff's offer, and executed a good and sufficient deed of the premises, which he deposited with the American Trust Company, at Coeur d'Alene, Idaho, on December 24, 1929, with written instructions to deliver the same to respondent on payment of $1,800; that respondent having failed to make such payment, the deed was returned by the American Trust Company to appellant on January 23, 1930. The failure to find upon the affirmative defense is assigned as error.

The affirmative matter fails to state a defense, in that the facts alleged do not show a tender of a deed to respondent. (1 Bancroft's Code Pleading, p. 490, sec. 334; *Heine v. Treadwell,* 72 Cal. 217, 13 Pac. 503.) Where the pleading is insufficient to raise an issue, no findings are required thereon. (*Davis v. Idaho Minerals Co.,* 40 Ida. 64, 231 Pac. 712.)

Depositing the deed with the American Trust Company, in the absence of such directions in the contract, was not a sufficient tender. (38 Cyc., pp. 151, 152; *Cassville Roller Mill Co. v. Aetna Ins. Co.,* 105 Mo. App. 146, 79 S. W. 720; *J. H. North Furniture & Carpet Co. v. Davis,* 86 Mo. App. 296; *Harvey v. Bowman,* 91 Neb. 569, 136 N. W. 342; *Sheets v. Hocker,* 34 Okl. 676, 128 Pac. 725. See, also, 5 Page on Contracts, sec. 2863.) Furthermore, the evidence shows that respondent made a give-or-take offer in writing for an "acre of land, former school site at Huetter, Idaho," etc.; that is, he offered to pay appellant $1800 for a quitclaim deed to said "acre" of land, or he would take $1800 for his interest in said property. Appellant required the intermediary presenting the offer to write in the words "triangular piece" in place of the word "acre," and then signed his acceptance of the offer to deed a "triangular piece" of land (containing, as construed by him, less than one acre). Respondent's offer was therefore rejected, and no contract was made. (*Hoskins v. Michener,* 33 Ida. 681, 197 Pac. 724; 13 C. J., p. 281, sec. 86; 39 Cyc., p. 1195.)

The issue tendered by the affirmative answer was not sufficient, material, or substantial, and does not constitute a defense to the action. Since the failure to find thereon could not affect the judgment, it was not reversible error. (*Gould v. Hill,* 43 Ida. 93 (109), 251 Pac. 167; *Shawver v. Shawver,* 25 Ida. 70, 136 Pac. 436; *Brown v. Macey,* 13 Ida. 451 (456), 90 Pac. 339; *Tage v. Alberts,* 2 Ida. 271, 13 Pac. 19; *Carson v. Thews,* 2 Ida. 176 (179), 9 Pac. 605.)

While the action was for specific performance of an oral contract, the complaint not only alleged an offer and accept-

ance by part performance, but that certain sums were expended by respondent in permanent improvements after he went into possession of the property. The complaint prayed for specific performance; that conveyance be made; that the title to the land in question be quieted in respondent; "and for such other and further relief as may be just and equitable." Judgment was for respondent, denying specific performance, and awarding him compensation for the value of the permanent improvements made by him, less the reasonable rental value of the premises during his occupancy thereof. Granting this relief is assigned as error.

C. S., sec. 6829, reads:

"The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint embraced within the issue."

And the general rule is that in a suit for specific performance, where that remedy is denied "because of uncertainty of the proofs, the court may nevertheless require the donor to pay for the improvements, and may establish a lien on the land therefor." However, the improvements must be substantial, and not of a trivial character in comparison with the value of the property. (36 Cyc., p. 684; 25 R. C. L., p. 346, sec. 173 et seq.; Pomeroy on Specific Performance of Contracts, 3d ed., sec. 474, p. 956.)

The court found the land in controversy to be of a nominal value, not exceeding $40 per acre, exclusive of the value ($2,390.03) of the improvements made by respondent, from which he deducted the rental value (fixed at $240) for the time respondent was in possession. The rule adopted in this case conforms to that adhered to in Alabama where oral gifts of land are not upheld. (*Griffin v. Griffin*, 206 Ala. 489, 90 So. 907.) Again, appellant urges that since the complaint does not specifically pray for damages, compensation for permanent improvements cannot be recovered here.

As a rule, in an equitable action, any relief may be granted consistent with the averments of the complaint,

under a prayer for general relief. (21 C. J., p. 679, sec. 858; 10 R. C. L., p. 423, sec. 181; 21 R. C. L., pp. 489, 490, sec. 53; 1 Bancroft's Code Pleading, sec. 14; 1 Whitehouse on Equity Practice, sec. 119; *Carns v. Idaho-Iowa Lateral & Reservoir Co.,* 34 Ida. 330 (340), 202 Pac. 1071; *Mochel v. Cleveland,* (Ida.) (filed December 22, 1930,* not yet reported); *Wm. H. Taylor Finance Corp. v. Oregon Logging & Timber Co.,* 116 Or. 440, 241 Pac. 388; *Madsen v. Bonneville Irr. Dist.,* 65 Utah, 571, 239 Pac. 781.)

■ Respondent was required to plead the erection and value of improvements in order to establish his right to specific performance (allegations of possession alone not being sufficient to entitle him to that relief: Pomeroy on Specific Performance of Contracts, 3d ed., sec. 130, pp. 331, 332), and not for the mere purpose of corroborating his claim for that specific relief. (21 C. J., p. 684; *Cook v. Bronaugh,* 13 Ark. 183.)

■ We conclude that the relief granted was consistent with the case made by the complaint and was embraced within the issue in contemplation of the provisions of C. S., sec. 6829, and was properly granted under the general rule in such cases.

The assignments of error to the effect that certain findings of fact are not supported by the evidence are without merit, and we find no error in the conclusions of law likewise assigned as error. In view of what has already been said, it is not deemed necessary to discuss the evidence further.

Judgment and order affirmed. Costs to respondent.

Givens, C. J., and Lee and McNaughton, JJ., concur.

Petition for rehearing denied.

*Rehearing granted.