## MORGAN v. CHILD, COLE & COMPANY.

No. 2329.   Decided September 30, 1912 (128 Pac. 521).

1. ACTION—NATURE AND FORM—LEGAL OR EQUITABLE.   Const., art.
8, sec. 19, providing that there shall be but one form of civil
action, and law and equity may be administered in the same
action, abolishes formal distinctions between actions at law
and suits in equity, and the court may administer relief accord-
ing to the nature of the cause set out, whether it is such
as will be granted in equity or as will be given at law, and
the court may not dismiss an action at law on the ground
that plaintiff should have sought relief in equity.[1]   (Page 564.)

2. CONTRACTS—CERTAINTY.   A contract whereby plaintiff should
furnish defendant information concerning mining property, and
whereby defendant should purchase about 40,000 shares of the
stock of the corporation owning the property, or an investment
not to exceed $15,000, and whereby the parties should equally
divide the profits and share the losses, was not so ambiguous,
as to render it unenforceable, and where plaintiff gave defend-
ant all the information possessed, and defendant by virtue
thereof purchased stock for $15,000, plaintiff could enforce the
contract.   (Page 565.)

3. CONTRACTS—VALIDITY—PUBLIC POLICY.   The contract was not
on its face void as against public policy.   (Page 565.)

4. APPEAL AND ERROR—REVIEW OF JUDGMENT OF NONSUIT—EVIDENCE.
The court, on appeal from a judgment of nonsuit, must view
the evidence in the light most favorable to plaintiff.   (Page
565.)

APPEAL from District Court, Fifth District; *Hon. Joshua
Greenwood,* Judge.

Action by James Morgan against Child, Cole & Company.

Judgment of nonsuit.   Plaintiff appeals.

REVERSED AND REMANDED.

---

[1] Volker-Scowcroft Lumber Co. v. Vance, 36 Utah, 348, 103 Pac.
970, 24 L. R. A. (N. S.) 321, Ann. Cas. 1912A, 124.

*B. N. C. Scott* and *Pennel Cherrington* for appellant.

*Geo. W. Bartch* and *W. H. King* for respondent.

STRAUP, J.

In the complaint it is alleged that the plaintiff and the defendant on the 3d day of June, 1908, entered into a written agreement, by the terms of which it was agreed that the plaintiff should furnish the defendant information "concerning the property known as the Sioux Consolidated Mining Company," and that the defendant should purchase "about forty thousand shares of the capital stock of said company, or an investment of not to exceed $15,000," and to equally divide the profits and share the loss. It is further alleged that the information referred to in the agreement consisted of plaintiff's knowledge that the "Sioux Consolidated Mining Company had then discovered ore of profitable quality and quantity in its underground workings," and that the plaintiff gave the defendant all the information possessed by him on the subject and exhibited to it samples of ore taken from the workings; and that, in virtue of such information and of the agreement, the defendant on the 4th and 5th days of June, 1908, purchased 27,272 shares of the capital stock of the company at an average price of fifty-five cents, or, in the aggregate, for $15,000. It is further alleged that on the 4th day of June, in consideration of a deposit by the plaintiff, a promissory note for $3000 executed by him with security and delivered to the defendant to insure it against loss, the defendant agreed to hold one-half of the stock so purchased "subject to plaintiff's order, or until the same reached a price on the open market of $1.50, when it should sell the same and pay the plaintiff all the profits derived from the sale thereof;" that the plaintiff executed and delivered the note, which was accepted and retained by the defendant for the purpose mentioned; that on the 9th day of November the stock sold in the open market for $1.50 a share and upwards, and continued to be sold at that price until the 17th day of November; and that on the 10th of that month the plaintiff directed

the defendant to sell the shares of stock so held by it for the plaintiff, and, had his directions been followed, the stock could have been sold in the open market for $1.65 a share, but that the defendant disobeyed the directions and failed to sell the stock, to plaintiff's damage in the sum of $14,900. It is further alleged that between the time of the purchase of the stock and the 9th day of November the defendant received dividends on the stock so held by it for plaintiff in the sum of $2450, which the defendant refused to pay to the plaintiff. He therefore prayed judgment for these amounts and interest.

The defendant filed an answer denying the material allegations of the complaint, and alleged that the contract sued on was ambiguous, uncertain, and without consideration; that its name was subscribed thereto without authority, and that the agreement was entered into by the plaintiff for the purpose of gambling in stocks and to defraud the public; that the plaintiff was not the real party in interest, and that there was a misjoinder of parties plaintiff and a non-joinder of parties defendant; and that the defendant, on its part, performed all the obligations of the agreement, and fully accounted to the plaintiff and paid him all that was due him.

Upon these issues the case was partially tried to the court and a jury. At the conclusion of plaintiff's evidence, the court, on the defendant's motion, granted a nonsuit on the ground that the contract, and the evidence adduced by the plaintiff, show that he and the defendant were copartners in the transaction, and that an accounting between them was a prerequisite to the maintenance of an action, and "that the plaintiff had no right to sue the defendant at law," and had "mistaken his remedy if any he has." A judgment of dismissal was thereupon entered, from which the plaintiff has prosecuted this appeal.

It is seen that the motion was granted and the action dismissed, not on the ground of insufficiency of evidence, but on the ground of a mistaken remedy. We think the trial court erred. In this, as in many other states in which the formal distinctions between actions at law and

suits in equity are abolished, the court may administer relief according to the nature of the cause set out, whether it is such as would be granted in equity or such as would be given at law. (3 Cyc. 737.) Our Constitution (section 19, art. 8) expressly provides that "there shall be but one form of civil action, and law and equity may be administered in the same action." *Volker-Scowcroft Lumber Co. v. Vance*, 36 Utah, 348, 103 Pac. 970, 24 L. R. A. (N. S.) 321, Ann. Cas. 1912A, 124.)

The respondent, however, in support of the ruling, also urges: (1) That the contract sued on is so ambiguous and uncertain as to render it unintelligible and unenforceable; that it on its face is against public policy and void, because, as urged, "it was conceived in and procured by fraud and was entered into to defraud the public," and because it has all the characteristics of a gaming contract; and (2) that the evidence shows the contract to be of such character that it was made without authority on behalf of the defendant and without consideration; and that the evidence is insufficient to support the material allegations of the complaint. These were grounds also specified in the motion.

We do not think the contract bad on the alleged ground of an incurable ambiguity, or that it, on its face, is, or was by the evidence conclusively shown to be, void as against public policy on the grounds urged. We do not find any evidence to support the allegation that the defendant received any portion of the alleged dividends. But as to all other material allegations of the complaint we find some evidence tending to support them.

It may not be very convincing or satisfactory, and some of it may be, as it appears to be, conflicting; yet, when it is viewed in the light most favorable to the appellant, we think a sufficient showing was made to entitle him to a trial on the merits. We see no good purpose to here abridge the evidence which we think tends to support the allegations of the complaint, and hence deem it unnecessary to set it forth. It ought to suffice that from a reading of the record and a thoughtful consideration of the evidence

the conclusion is reached that the record discloses sufficient evidence tending to support the material allegations of the complaint, and that such alleged facts, if so found, entitle the plaintiff to some relief. And, as already observed, the case here terminated, not on grounds of insufficiency of evidence, but on a mistaken view as to remedy.

The judgment of the court below is therefore reversed, and the case remanded for a new trial. Costs to appellant.

FRICK, C. J., and McCARTY, J., concur.