## MORGAN v. CHILD, COLE & CO.

No. 3817.   Decided February 7, 1923.   Rehearing denied March 24,
1923.   (213 Pac. 177.)

1.   PLEADING—FACTS ALLEGED ACCEPTED AS TRUE ON DEMURRER.   On
demurrer, the facts stated in the complaint must be accepted
as true.

2.   CORPORATIONS—CONTRACT WITH CORPORATION NOT VOID MERELY
BECAUSE PARTNERSHIP RESULTED.   That a partnership with a
corporation resulted from the terms of a contract with it would
not of itself make the contract void.

3.   CORPORATIONS—DEFENSE OF ULTRA VIRES AVAILABLE BY ANSWER
ONLY.   In an action against a corporation on a contract, the de-
fense of ultra vires, unless such fact affirmatively appears from
the allegations of the complaint, is available by answer only,
and not by demurrer or objection to testimony; the presump-
tion being that defendant had authority to make the contract.

4.   APPEAL AND ERROR—RECORD MUST SHOW THAT OBJECTION WAS
MADE.   Where on appeal it does not appear from the record that
objections were made to the introduction of testimony on the
ground that the complaint stated no cause of action, assign-
ment of error to court's refusal to sustain an objection to testi-
mony on that ground will not be reviewed.

5.   APPEAL AND ERROR—INSTRUCTIONS NOT EXCEPTED TO AT TRIAL NOT
REVIEWED.   Instructions, to which no exceptions were taken at
the time of the trial, as contemplated by Comp. Laws 1917,
§ 6806, cannot be reviewed.[1]

6.   APPEAL AND ERROR—OPINION ON FORMER APPEAL AS TO CAPACITY
OF CORPORATION TO BECOME PARTNER HELD LAW OF CASE.   On
appeal from a judgment against a corporation, sued on a con-
tract construed, in an instruction to which no exception was
taken, as constituting a particular partnership, where there is
nothing in the record to indicate whether appellant had ca-
pacity, under its charter, to enter into such or any partnership,
an opinion on a former appeal that whether a corporation may
become a partner depends on whether it is given capacity to
do so by its charter or statute must be accepted as the law of

---

[1] *Jenkins* v. *Mammoth M. Co.*, 24 Utah, 513, 68 Pac. 845; *Kunkel*
v. *Utah Lbr. Co.*, 29 Utah, 13, 81 Pac. 897, 4 Ann. Cas. 187; *Mickel-
son* v. *East Tintic Ry. Co.*, 23 Utah, 42, 64 Pac. 463.

the case, and binding on both the trial court and the Supreme Court.

7. APPEAL AND ERROR—INSTRUCTION PRESUMED AUTHORIZED BY EVIDENCE WHERE LATTER IS NOT IN RECORD. Where the evidence is not in the record, the Supreme Court must assume that it authorized the giving of an instruction complained of.

8. APPEAL AND ERROR—JURY'S FINDINGS PRESUMED WARRANTED BY EVIDENCE WHEN LATTER IS NOT IN RECORD. Where the evidence is not in the record, the presumption is that the facts warranted the jury's findings.

9. APPEAL AND ERROR—TESTIMONY, NOT ABSTRACTED, NOT EXAMINED TO DETERMINE WHETHER COURT ABUSED DISCRETION IN GRANTING NEW TRIAL. Testimony, not abstracted or referred to or stated in the brief, will not be examined to determine whether the court abused its discretion in granting a new trial on the ground of error in refusing a requested instruction.

10. COSTS—RESPONDENT'S COSTS IN TRANSCRIBING TESTIMONY FOR CROSS-APPEAL NOT TAXED AGAINST APPELLANT ON AFFIRMANCE ON APPEAL ON JUDGMENT ROLL. On affirmance on appeal on the judgment roll, respondent's costs in transcribing the testimony for a cross-appeal should not be taxed against appellant.

Appeal from District Court, Fifth District, Juab County; *Wm. F. Knox*, Judge.

Action by James Morgan against Child, Cole & Co. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

For opinions on former appeals, see 41 Utah, 562, 128 Pac. 521; 47 Utah, 417, 155 Pac. 451.

*G. W. Bartch* and *J. Louis Brown*, both of Salt Lake City, for appellant.

*Van Dam & Draper*, of Salt Lake City, for respondent.

GIDEON, J.

This appeal is on the judgment roll. The case has been in this court on two previous appeals. 41 Utah, 562, 128 Pac. 521; 47 Utah, 417, 155 Pac. 451. In 41 Utah, 562, 128 Pac. 521, it was determined that the written contract between the parties was not on its face void as being against public policy. In the second appeal (47 Utah, 417, 155 Pac. 451) the facts are stated in detail in the opinion, and the certain questions of law affecting the rights of the parties are discussed and determined. The abstract of the record on this appeal contains the amended complaint, demurrer, answer, instructions to the jury, defendant's requests for instructions, the verdict, judgment, notice of motion for a new trial, order overruling that motion, notice of appeal, and the assignment of errors. We shall state here only such facts as are necessary for a determination of the questions presented on this appeal. The reader is referred to the former opinions for a further statement of facts.

The contract, which initiated the relationship of the parties out of which this controversy grew, is as follows:

"This agreement made this day between James Morgan of the first part and Child, Cole & Co. of the second part.

"The party of the first part does agree to give to the party of the second part certain information which he has in his possession and will hereafter obtain concerning this property known as the Sioux Consolidated Mining Co., and the party of the second part does agree to purchase about forty thousand shares of the stock of the said company, or an investment of not to exceed fifteen thousand dollars ($15,000.00) and all of the profits derived from the purchase and sale of this forty thousand shares is to be divided equally between the party of the first part and the party of the second part.

"It is further agreed that the party of the first part shall be liable for his proportion of any losses the same as profits, and in case the information given by the party of the first part to the party of the second part is not correct or complete the party of the first part forfeits all his rights to and share of the profits, and this agreement becomes void except as to his liability in case of loss. This agreement is binding until all of said stock has been bought and then sold."

The contract is found in full in the second paragraph of the amended complaint.

It is further alleged in the complaint that the plaintiff gave to the defendant certain information had by him, and that on or about June 4, 1908, the defendant purchased 27,272 shares of the capital stock of the Sioux Consolidated Mining Company, paying therefor an average price of 55 cents per share. It is then alleged that, on or about June 4th of that year, in consideration of the plaintiff depositing or leaving with the defendant a certain promissory note in the sum of.$3,000 to secure the defendant against loss in the event of a decline in the market price of said stock, the defendant agreed to hold one-half of the stock so purchased subject to the order of the plaintiff until the market price of such stock reached $1.50 per share, at which time the defendant agreed to sell the same and pay to the plaintiff the profits derived from the sale thereof. For a breach of this agreement plaintiff asked judgment.

Error is based on the court's order overruling defendant's demurrer. It is argued that the court should have sustained the demurrer—

"for the reason, inter alia, that the alleged contract set up in that complaint, if it were conceded that it contains the elements of a contract, would be a partnership contract, which neither the corporation itself nor its agent had any power, under the laws of this state, to enter into, and therefore * * * would be void as ultra vires."

In passing upon the demurrer the court accepted, and was required to accept, as true the facts stated in the complaint. If a partnership between the parties resulted from the terms of the contract, that would not of itself make the contract void and unenforceable. The existence and execution of the contract being admitted by the demurrer, the lack of power to enter into the contract should be made an issue by setting it up in the answer if it did not affirmatively appear from the allegations of the complaint. There **1-3** is no allegation in the complaint from which such conclusion can be drawn. The presumption is that the defendant had authority to make the contract, and, if it desired to defend on the ground of ultra vires, the defense was available by answer only. In 5 Ency. Pl. & Pr. 96, the author

says: "Where the defense of ultra vires is allowable to a corporation, the corporation must specifically plead it." See, also, 3 Thompson, Corp. § 2779.

Error is also assigned on the refusal of the court to sustain the objection to testimony for the reason that it appears from the face of the complaint that the defendant is a corporation, and as such could not enter into partnership agreements with an individual or other corporation. This objection is in effect the same as that considered above, and what is there said will apply to this assignment. Moreover, it does not appear from the record before us that objections to the introduction of testimony upon the ground that the complaint failed to state a cause of action, or that it showed a partnership agreement between plaintiff and defendant were ever made.

Other assignments of error are founded upon the instructions of the court. The record fails to disclose that any exceptions were taken to the instructions as given at the time of the trial, as contemplated by section 6806, Comp. Laws Utah 1917. In the absence of exceptions taken to the charge it cannot be reviewed by this court. *Jenkins* v. *Mammoth M. Co.*, 24 Utah, 513, 68 Pac. 845; *Kunkel* v. *Utah Lbr. Co.*, 29 Utah, 13, 81 Pac. 897, 4 Ann. Cas. 187; *Mickelson* v. *East Tintic Ry. Co.*, 23 Utah, 42, 64 Pac. 463.

The principal question discussed in appellant's brief, in fact the only one, is the claim that a corporation cannot enter into a partnership with an individual or other corporation. The court by its sixth instruction construed the contract of June 3, 1908, as constituting between plaintiff and defendant "what in law is termed and called a particular partnership; for the purposes in said agreement specified." No exception was taken to that instruction by either party.

In the opinion of this court found in 47 Utah, 427, 155 Pac. 455, the court said:

"Again, the question of whether a corporation may or may not become a partner depends upon circumstances, and whether it, by its charter or statute, is given capacity to do so."

There is nothing in the record before us to indicate whether the defendant corporation has capacity by the terms of its charter to enter into a limited or particular partnership, or any partnership. The above quotation from the opinion of this court must be accepted as the law of the case so far as this action is concerned, and as binding upon the trial court and this court. The trial court, by its instruction No. 6, told the jury that the agreement constituted a particular partnership. We must assume that the evidence, which is not before this court, authorized the giving of that instruction. The court further instructed the jury, by its eighth instruction, that although the plaintiff and defendant were partners respecting the transaction in question, notwithstanding such relationship "they had the right to enter into an agreement that the plaintiff's stock be withheld from sale until the stock had reached the price of $1.50 per share, provided it should do so within a reasonable time, or such time as the evidence may show, if any, they agreed upon."    7, 8
This court in 47 Utah, 417, 155 Pac. 451, assumed, without deciding that the agreement as written and as orally modified created the relationship of partners between plaintiff and defendant. The court then proceeded to point out that, founded upon that assumption, the instructions complained of were erroneous for the reason that notwithstanding the partnership relation the partners, by agreement, could define and limit each other's rights and liabilities in so far as these things merely affect themselves. The jury, by its verdict, found the issues in favor of the plaintiff, and, as we cannot review the trial court's instructions, and as the evidence is not before us, we can only indulge the presumption or assumption that the facts warranted the findings of the jury. The plaintiff has cross-appealed.

It appears that after the reversal of this case by the opinion found in 47 Utah, 417, 155 Pac. 451, another trial was had, and the jury returned a verdict in favor of the plaintiff in the sum of $7,000. This trial is known as the third trial. A motion for a new trial was made, and the court being of the opinion that it had erred in failing to give an

instruction, granted the motion. The testimony taken on the third trial of this case was settled in a bill of exceptions, and is therefore before this court. The transcript of the testimony consists of 893 typed pages. Counsel for cross-appellant have not prepared or served or filed any sufficient abstract to bring before this court that part of the testimony which is relied upon as showing that the court erred in granting the motion for a new trial after that hearing. In fact, there is no attempt to abstract the testimony taken at that trial at all. The only thing found in the so-called abstract is the verdict of the jury, the remarks of the court at the time the motion for a new trial was granted, and a proposed instruction, known as defendant's request No. 30, which the court failed to give, and which it was of the opinion that it should have given. To determine where the defendant was entitled to the instruction would of necessity require an examination of the testimony taken and then before the court. As respondent's counsel have not deemed it of sufficient importance to abstract the testimony or to refer to the testimony or state any part of it in their brief, we must decline to examine and review the same to determine whether or not the trial court abused its discretion in granting a new trial.

The appeal of the defendant is upon the judgment roll. The costs incurred in transcribing the testimony by respondent for his cross-appeal should not be taxed against the appellant.

Finding no reversible error in the record, the judgment of the district court is affirmed. Costs of the appeal, except such as are connected with the cross-appeal, will be taxed against appellant.

WEBER, C. J., and THURMAN and FRICK, JJ., concur.