## MADSEN v. BONNEVILLE IRR. DIST.

No. 4254.   Decided June 8, 1925.   (239 P. 781.)

1.  EQUITY—EQUITY CASE WILL NOT BE DISMISSED WHERE RELIEF SOUGHT IS EXCESSIVE, BUT RIGHTS OF PARTIES ADJUSTED BY DECREE. A proceeding in equity will not be dismissed because relief sought is in excess of what court is justified in giving, but, if facts warrant it, jurisdiction will be retained and rights of parties adjusted by decree.[1]

2.  WATERS AND WATER COURSES—LAND IN IRRIGATION DISTRICT BENEFITED TO EXTENT OF COST OF ALLOTMENT OF WATER. In ad-

---

[1] *Morgan* v. *Child, Cole & Co.*, 41 Utah, 562, 128 P. 521; *Kinsman* v. *Utah Gas & Coke Co.*, 53 Utah, 10, 177 P. 418.

[2] *Olson* v. *Bagley*, 10 Utah, 492, 37 P. 739; *Allen* v. *Fitzgerald*, 23 Utah, 597, 65 P. 592; *Moon* v. *Salt Lake County*, 27 Utah, 435, 76 P. 222.

justing rights of parties to excessive irrigation assessment, where no objection is made to the allotment of water per acre, it must be *held* that it was for amount of water necessary for the land, which is benefited to the extent of cost of such allotment.

3. CONSTITUTIONAL LAW—WATERS AND WATER COURSES—EQUITY HAS POWER TO CORRECT ERROR IN ALLOTMENT OF WATER IN IRRIGATION DISTRICT. Laws 1919, c. 68, having apparently granted no authority to officers of irrigation district to correct an error in allotment of water, a court of equity has power to grant such relief under Constitution, providing that courts shall be open for redress of wrongs and enforcement of rights.

4. WATERS AND WATER COURSES—IRRIGATION TAX ERRONEOUS, WHERE DESCRIPTION OF PROPERTY IS INDEFINITE AND TAX IS EXCESSIVE. An irrigation assessment and tax is erroneous, where description of property is too indefinite and uncertain for identification, and tax is for acreage in excess of land owned by party sought to be held liable.[2]

5. WATERS AND WATER COURSES—IRRIGATION TAX ON MORE LAND THAN PARTY OWNS VOID AS TO EXCESS. Tax levied in irrigation district under Laws 1919, c. 68, is based on theory that landowner is benefited by amount of tax, and, if levied on more land than is owned, is void as to the excess.

6. MUNICIPAL CORPORATIONS—"SPECIAL TAX" DISTINGUISHED FROM "GENERAL TAX." A "general tax" is considered a contribution for support of state, whereas a "special tax" or local assessment is considered as compensation for special benefits to party paying.

7. WATERS AND WATER COURSES—PARTY ASSESSED ON EXCESSIVE ACREAGE NOT RELIEVED FROM PAYING TAX ON ACREAGE OWNED. A property owner in an irrigation district, assessed on an acreage greater than he owned, will not be relieved from paying tax on acreage actually owned, where actual description of land is in the record and not in dispute, enabling the court to direct a correct assessment.

STRAUP, J., dissenting in part.

Appeal from District Court, Second District, Davis County; *J. N. Kimball,* Judge.

Suit by Ernest M. Madsen against the Bonneville Irrigation District. From a judgment dismissing the complaint, plaintiff appeals.

REVERSED, AND REMANDED with directions.

*Irvine, Skeen & Thurman,* of Salt Lake City, for appellant.

*Homer Holmgren* and *Byron D. Anderson,* both of Salt Lake City, for respondent.

GIDEON, C. J.

Appellant, plaintiff below, owns 1.25 acres of land located within the boundaries of the Bonneville irrigation district, respondent, defendant below.

Respondent is an irrigation district in Davis county, organized under authority of and pursuant to the provisions of chapter 68, Laws Utah 1919. No claim is made that the district was not organized in conformity with the provisions of that legislative act. There are no disputed facts in the record.

It appears from the complaint that the district was organized in the year 1920; that at that time plaintiff's predecessor owned 1.25 acres of land located within the boundaries of the district. The state engineer and the directors of the district, in compliance with the provisions of the act authorizing its organization, made an allotment of water to the property owners within the district, and, in allotting water to the land owned by plaintiff's predecessor, fixed his acreage at 3.25 acres. The directors of the district, in certifying to the county officials the amount of tax to be assessed against the property of the district necessary for operation and the creation of a sinking fund to pay the bonded indebtedness, included 3.25 acres as belonging to the predecessor of appellant.

The complaint is based upon the theory not only that the amount of acreage is erroneous, in that neither appellant nor his predecessor ever owned the amount of land for which the allotment was made and subsequently a tax was levied, but that the description, or attempted description, is so indefinite that no tax could be levied so as to become a lien

upon any specific property. The record in the allotment described the land as being located in the northwest quarter of section 19, township 2 north, range 1 east, ''3.25 acres; duty, 1.5; required, 4.88; allotment, 4.88.'' The prayer of the complaint is that the court inquire' into the facts and make an order adjudging that the proceedings of respondent district, its officers and agents, in so far as their acts may affect appellant's property, be declared null and void, and that the court adjudge the property of appellant to be free and clear of any lien or incumbrance or cloud imposed upon the property by reason of any proceedings of respondent, its officers or agents, and that the officers and agents of the district be enjoined from in any way adding to or interfering with the records of the district as made and filed in the district court, in so far as the same affect appellant's land.

The answer admits ownership, and that the acreage is as claimed by appellant. It then details at great length the steps taken in the organization of the district and the decree of court affirming the proceedings authorizing the issuance of bonds. Apparently respondent relies upon these facts as an estoppel against appellant to now question the amount of the allotment.

Judgment was entered dismissing the complaint, from which this appeal is prosecuted.

This is a proceeding in equity. If the facts as they are made to appear are such that the court can, by its judgment, determine and adjust the rights of the parties, the action should not be dismissed and appellant sent out of court. On the contrary, the court should retain jurisdiction, and by its judgment determine the rights of the parties. In this case the prayer of the complaint indicates appellant's theory and the relief sought. The fact that the relief sought is in excess of what the court is justified in granting, if the plaintiff is entitled to any relief, does not justify the court in dismissing the action. In such case, the court, having acquired jurisdiction of the parties and of the subject-matter, should retain jurisdiction and by its decree adjust the rights of the parties. *Morgan* v. *Child, Cole &*

*Co.*, 41 Utah, 562, 128 P. 521; *Kinsman* v. *Utah Gas & Coke Co.*, 53 Utah, 10, 177 P. 418.

In the instant case the facts are not in dispute. Appellant's lands are in the irrigation district and were allotted water by the district, and no objection or protest was made against such allotment by the owner of the premises at the time of the organization of the district. The description of the land as given in the allotment is such that it is impossible to determine the exact location by metes and bounds of appellant's premises. It conclusively appears that a mistake was made in allotting water to appellant's predecessor for 3.25 acres, when in truth and fact he owned only 1.25 acres, and necessarily appellant now owns only that amount of land.

The chief difficulty is in determining just what judgment or order a court of equity can or should make in adjusting the rights of the parties, in view of the issues raised by the pleadings, and by reason of the undisputed facts in the case. To permit respondent to base its assessment upon an acreage which neither appellant nor his predecessor ever owned at any time must and will result in an injustice and the taking of appellant's property without compensation.      2
Likewise it would not be doing equity between the parties to relieve appellant from any liability by reason of the benefits which it is presumed have accrued to his premises by the creation of the irrigation district and the allotment of water. The allotment was for 1.5 acre-feet per acre of land, and, so far as this record is concerned, no objection is made to that (if it could be objected to in this proceeding), and it must therefore be held that the number of acre-feet per acre allotted was the amount of water necessary for the land of appellant's predecessor, and that the premises are benefited to the extent of the cost of such allotment.

Apparently the legislative act, under which the respondent district was organized and is operating, contains no provision under which the directors or other officers of the irrigation district have authority to correct an error or mistake such as appears to have been made at the time the allotment

of water was made to the land of appellant's predecessor. If the directors or officers of the district have no authority to correct an error of the nature here involved, necessarily some power must exist somewhere by which such a mistake or error can be corrected and the parties relieved from the burden resulting from such mistake or error. The Constitution of this state provides that courts shall be open for the redress of wrongs and the enforcement of rights. There being no board or officers authorized to grant the appellant the relief to which he is entitled, he has rightly appealed to a court of equity for such relief. We have no doubt that a court of equity has ample power to grant such relief and to do justice between the parties by making the necessary decree or order to effectuate the same.

The assessment attempted to be made and the tax levied thereunder against appellant's land must be held to be erroneous for two reasons: (a) The description in the original allotment is so uncertain and indefinite that a tax levied against such description would create no lien against any particular land (*Olsen* v. *Bagley,* 10 Utah, 492, 37 P. 739; *Allen* v. *Fitzgerald,* 23 Utah, 597, 65 P. 592; *Moon* v. *Salt Lake County,* 27 Utah, 435, 76 P. 222); (b) the tax against appellant is for an acreage in excess of land owned by him, and for which he cannot, in the nature of things, receive a benefit.

Subsequent to the allotment, and after the certified copy of that allotment had been filed in the county recorder's office and with the county clerk of Davis county, as required by the act, the county assessor, who is directed by the terms of the act to make the assessment, copied from the public record in the recorder's office and inserted in the assessment roll a description of appellant's land by metes and bounds. That description included 1.25 acres only, and it is admitted to be the correct description of the land in question.

The tax attempted to be levied and collected in an irrigation district such as is authorized by chapter 68, supra, is founded upon the theory, and can be sustained only upon

the theory, that the landowner receives a benefit commensurate with the amount of the tax levied. When it is made to appear that a landowner is taxed for a greater acreage than he actually owns, of necessity the tax for the excess acreage must be held to be void, for the reason that it is not based upon any benefits received by attempt to determine the question of whether benefits were derived commensurate with the tax. The allotment was for the court could, in this proceeding, inquire into or make any 1.5 acre-feet per acre of land, and that stands unchallenged as being the amount necessary for appellant's land.

In 1 Cooley on Taxation (4th Ed.) § 1, defining general taxes, it is said:

"Taxes are the enforced proportional contributions from persons and property, levied by the state by virtue of its sovereignty for the support of government and for all public needs."

The Supreme Court of the United States, in *Meriwether v. Garrett*, 102 U. S. 514, defines a tax thus:

"A tax is an impost levied by authority of government upon its citizens or subjects for the support of the state."

The authorities are in agreement that the general principle stated in the quotations from Cooley and the Supreme Court of the United States correctly defines a general tax. the landowner. As pointed out, no contention is made that A general tax is not based upon the idea that a person paying the tax receives a direct personal benefit proportional to the amount of taxes he is required to pay, but, rather, it is a contribution made by him in support of the state. Such is not the theory upon which a local assessment or special tax is levied and enforced. In 28 Cyc. at page 1102, under the general heading "Municipal Cor- porations" and under the subdivision "Assessments for Benefits and Special Taxes," it is said:

"It is a fundamental doctrine of American jurisprudence that those receiving special benefits from the public should make compensation for them; upon this principle rests the theory of county, township, and municipal taxation; and the levy upon property specially benefited of the cost of a local improvement is but further application of this same doctrine. Assessments, as distinguished

from other kinds of taxation, are those special and local imposi-
tions on property in the immediate vicinity of a municipal improve-
ment, laid for the purpose of paying for the same and with refer-
ence to the special benefit which the property derives from it. An
assessment for a public improvement, is not a tax in the ordinary
sense of the term, but a charge for improvements, for the making
of which for his benefit the property owner should pay compensa-
tion."

The appellant therefore, having received the benefits to
the premises owned by him, accruing from the creation of the
irrigation district and the allotment, should not be relieved
from paying his proportional part of the cost based upon
the allotment of water made to his predecessor upon the acre-
age actually owned by him. To now relieve him wholly
from payment of any part of the tax by reason of the fact
that an error has been made in assessing a greater acreage
than he owns, would be giving him something for nothing
and depriving the district and its bondholders of a right to
which they are manifestly entitled, namely, to receive
from appellant payment upon the .allotment for the          7
actual acreage which he owns. The actual descrip-
tion of the land owned by appellant, by metes and bounds,
is in the record, and is not in dispute. The court can there-
fore, without taking additional proof, direct the directors of
the respondent to correct its allotment and assessment to
conform to the facts and determine the amount of the tax for
which appellant is liable.

In his reply brief, appellant has strongly urged upon our
attention the opinions of the courts in the following cases:
*Fidelity National Bank & Tr. Co. of Kansas City* v. *Swope
et al.* (C. C. A.) 2 F. (2d) 676; *Kansas City So. Ry.* v. *May*
(C. C. A.) 2 F. (2d) 680; *Martin* v. *Dist. of Columbia,* 205
U. S. 135, 27 S. Ct. 440, 51 L. Ed. 743; *Myles Salt Co.* v. *Bd.
of County Comm'rs, etc.,* 239 U. S. 478, 36 S. Ct. 204, 60 L.
Ed. 392, L. R. A. 1918E, 190; *Spring Street Co.* v. *City of
Los Angeles,* 170 Cal. 24, 148 P. 217, L. R. A. 1918E, 197.
In the federal cases, the decrees of the courts annulled the
assessments and granted the relief sought by plaintiffs. An
examination of the opinions in those cases will disclose that

there were no facts before the courts by which decrees could be entered adjusting or determining the rights of the parties. The courts, after determining that the assessments as made were erroneous, entered the only decrees that could have been entered under the facts therein by annulling and setting aside the assessments. The decision in the California case is apparently based upon the fact that the assessment was so arbitrarily, unwarrantedly, and unjustly made as to work a confiscation of the property, and for that reason was in no sense a legal assessment at all. Such were not the facts as they appear in this record. The facts in the instant case are such that the court can grant the parties relief and do justice between them.

In a supplementary brief, filed after the foregoing views were written, counsel for appellant have called our attention to the opinion of the Supreme Court of the United States in *Norwood* v. *Baker*, 172 U. S. 269, 19 S. Ct. 187, 43 L. Ed. 443. The opinion in that case is relied upon as supporting appellant's contention that, as it conclusively appears that the allotment and the assessment based upon such allotment were in excess of the land owned by appellant or his predecessor, a court of equity should declare the tax levied void, and enjoin its collection, and leave the matter to be corrected by the body charged with making the allotment and levying the tax. The tax sought to be enjoined in the Norwood Case was illegal in toto, for the reason, as stated in the syllabus, "it rested upon a basis that excluded any consideration of benefit." For that reason the court held "that therefore a decree enjoining the whole assessment was the only proper decree." There is no contention in the instant case that the amount of water per acre allotted to appellant's land was in excess of the needs of such land, or that the benefits derived were not commensurate with the amount of tax per acre levied. The only error of which appellant can justly complain is the amount of acreage. In the Norwood Case the court recognized the right of the municipality to thereafter take such steps as might be within its power to make a new assessment upon the plaintiff's abutting prop-

erty.   No new assessment is necessary or required in the present case.   All of the facts necessary to enable the court to make a decree adjusting the rights of the parties are found in this record.

It follows from what has been said that the trial court should not have dismissed appellant's complaint.   It follows, further, that the judgment should be, and it accordingly is, reversed.   The cause is therefore remanded to the district court of Davis county, with directions to set aside its order dismissing appellant's complaint, to direct the officers of the district to correct the record of the district so as to show an allotment against appellant's land for the actual acreage owned by him, to fix a levy and tax according to such corrected record, and to set aside the sale of appellant's premises made under the erroneous assessment and tax levied thereon; appellant to recover costs.

THURMAN, FRICK, and CHERRY, JJ., concur.

STRAUP, J.   I concur in the holding that the assessment and tax levy are void and in setting aside the sale of the property in payment thereof for the reasons stated by the CHIEF JUSTICE.   What new assessment or reassessment may properly be made by the taxing authorities is not now before us.   The case does not go off on such a question.   It is disposed of on the ground that, because of a want of description of the property, the whole of the attempted levy and assessment is void and the sale of the property had thereunder set aside, just as though the sale had been made without any attempted levy or assessment.   Because of a want of description of property, of necessity the whole of the alleged assessment must be, and it accordingly is by us, held for naught, and the sale set aside.   That, as it seems to me, disposes of the subject-matter of this lawsuit.   Anything we may now say or direct as to what reassessment or new assessment may properly be made, or as to whether the amount of water allotted to appellant's lands is or is not in excess of the needs of such lands, or whether the benefits de-

Appeal from Third District

rived are or are not commensurate with the amount of tax levied per acre, is, as I think, unnecessary. The levy and assessment which we have considered is nothing. Whether a new assessment or reassessment will or will not be in excess of the needs of appellant's lands, or whether the benefits derived will or will not be commensurate with the amount of the tax levied, ought not now to be prejudged or influenced by any expression herein by us. If, when such reassessment or new assessment is made, the appellant, because of prior proceedings or actions in the district, or of proceedings or actions had therein, is precluded from raising any such questions, well and good. If he is not he ought not herein to be prejudged as to such matters nor his rights in such respect clouded.